REPLEVIN.

## Stephens *vs* Frazier.

Case 78.

ERROR TO THE GARRARD CIRCUIT.

*Replevin.   Justification.   Fraud.   Sheriff's return.*

*April 14.*   CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.   JOSEPH STEPHENS sued *James Frazier* in *replevin*, for various articles of property, of considerable value, which the latter, as deputy Sheriff of Lincoln, had taken and held under sundry executions of *fi. fa.* against *Samuel Stephens*, the father of the plaintiff, and who lived with him.

A replevin bond having been executed, a writ commanding the restoration of the property and the citation of *Frazier* was returned, *"executed on James Frazier,"* who appeared and filed a *cognizance* acknowledging the alledged caption, and attempting to justify it under the executions against *Samuel Stephens,* by averring that all the property taken was that of the said *Samuel,* and subject to those executions.

A demurrer to the *cognizance* having been overruled, the plaintiff filed a plea traversing the averment of property in the defendant in the executions, and insisting that it was in the plaintiff, and not subject to be seized under the executions as averred by the defendant.

And a jury sworn to try that issue, having found for the defendant, the Court rendered a judgment of *retorno*— to reverse which this writ of error is prosecuted.

The first objection to the judgment as urged here, is, that the *cognizance* is substantially defective, both as a plea of justification and as a Count for a return of the property, because, 1st, it does not expressly alledge that the executions of *fi. fa.* commanded the Sheriff to take the goods of *Samuel Stephens;* and 2d, it does not aver that those executions were founded on valid and subsisting judgments. But in our opinion, this objection should be overruled.

*To justify a judgment de retorno habendo in favor of a Sheriff, it is sufficient that he alledge the taking by writ of fi. fa. against the plaintiff, and that the property was that of plaintiff and subject to the execution.*

The plaintiff claimed title through an alledged purchase under prior executions in the name of his uncle against his father, the said *Samuel Stephens,* upon about thirty judgments confessed nearly two years before the date of the executions upon them: and the defendant proved facts strongly conducing to show that the said purchase was ostensible merely, and fraudulent as to the creditors in whose behalf he had seized the property as that of *Samuel Stephens,* the original owner. If no such fraud infected the plaintiff's claim, the property would not have been liable to the executions against his father, in the defendant's hands, and on that hypothesis, the executions furnished no legal justification to the defendant. Proof of the alleged fraud was therefore as essential to his justification as to his title to a judgment of return. And to make the fraud available for any purpose

STEPHENS
vs
FRAZIER.

in this case, it was material to show that the plaintiffs in the executions were *judgment* creditors of *Samuel Stephens.* If the *cognizance* be good as a justification, it must consequently be equally sufficient to entitle the defendant to a judgment for a return of the replevied goods; and it does seem to us that it is substantially good for every purpose, especially after verdict on the issue.

An officer averring *"that writs of fi. fa.* were placed in his hands," it will be presumed that those writs authorized him to levy on the property of defendant therein—

We suppose that the averment that executions of *fi. fa.* were directed to the Sheriff might, without any unreasonable presumption, be judicially understood as implying that those writs authorized him to take the property of the party against whom they were issued; indeed, if they did not, they were falsely characterized as executions of *fieri facias.*

Where an officer justifies the taking of property by ex'on against defendant therein, & plt'f claims under a previous purchase of defendant in execution, officer may show such purchase fraudulent as to creditors, and in doing so show the judgment under which the execution plead was issued.

And, after pleading the executions, the averment that the property levied on was that of *Samuel Stephens* and subject to the executions, was all that was necessary to show, on the face of the *cognizance,* both a right to return and a justification of the seizure. It was not necessary to aver that those executions were issued on subsisting judgments. The necessity of showing such judgments, resulted altogether *from the plaintiff's proof of his purchase,* to avoid which, it might have become necessary to show that it was void as to the plaintiffs in the executions, and who, for that purpose, must have appeared to have been judgment creditors of *Samuel Stephens,* and of course it was proper and sufficient to move, as was done on the trial, that they were such creditors, by exhibiting records of the judgment. The *cognizance* being good, without averring the judgments, and the plea thereto not disclosing the ground of the plaintiff's claim, who proved it without special averment, surely the defendant had a right, without anticipation, or even being presumed to know the fact of the plaintiff's alledged purchase, to repel his proof thereof, by showing that the purchase was void (as to the execution creditors) by all evidence to that effect, which might have become necessary or useful.

But even if an averment of the judgment could have been essential on a demurrer to the *cognizance,* issue of

fact having been concluded and tried, the defect was cured by verdict, and the general allegation, as to the executions authorized proof of the fact, that there were judgments authorizing those executions, and which was not inconsistent with, but rather implied by that general allegation.

The next objection is that the judgment of *retorno* is erroneous, because the record does not show that the goods had ever been restored to the plaintiff.

It was the officer's duty to execute the writ fully. The chief command was to restore to the plaintiff the property for which he had given a replevin bond and brought this action. The return on the writ should respond to the entire command of it; we must presume that it does and that the officer did his whole duty, if his endorsement will allow such an interpretation; and we are of the opinion that "executed," as endorsed in this case, *prima facie*, imports that the officer had done every thing as to the defendant, which the writ ordered him to do. And this deduction is confirmed by the fact that the plaintiff never made any objection to the return, or moved any further process, or made any suggestion of delinquency in the officer, or even an intimation that he had failed to *restore* the goods, or to return that fact, or assign any excuse for the omission. It is therefore clear to us that the judgment for return was proper, if the verdict be sustainable.

The only other objections to the judgment are, 1st, that the verdict was not authorized by the evidence, and 2d, that there was error in refusing instructions; but as already suggested, there was proof tending strongly to sustain the verdict, and we now add that, if not conclusive it was sufficient to authorize the finding by the jury, and therefore this Court cannot disturb the verdict, for want of proof to justify it; and as to the alledged refusal to instruct, we shall only remark that though some instructions offered and refused might have been abstractly proper, there could have been no injurious error in withholding them, because they only reiterated what had been given to the jury in a more comprehensive instruction equally availing and effectual in every respect.

*In replevin if the writ be returned "executed" and def't succeed in the action, a judgment de retorno is proper, the presumption being on this return that the property had been restored to plaintiff, that being the command of the writ.*

Having thus noticed all the objections made in this Court to the judgment, which are deemed worthy of consideration, and perceiving no available error in the record. It is, therefore, considered that the judgment be affirmed.

*Bradley, Turner, Owsley & Goodloe* for plaintiff; *Harlan* for defendant.