EBENERER MARTIN, Sheriff, &c., Plaintiff in Error.

*vs.*

EBENEZER WATSON, Assignee of S. DEAN, Defendant in Error.

ERROR TO CIRCUIT COURT, SAUK COUNTY.

The defendant in an action of replevin in *cepit*, gave notice with the plea of the general issue, that he should prove at the time of the detention, the property was not in the plaintiff, but in the defendant as sheriff, &c., that he had levied upon it by virtue of two writs of *fi. fa.*, &c. Held, that such notice was equivalent to a plea of title in himself, and under it, he was entitled to introduce evidence tending to show this title of the defendant, and it should have been received by the court.

A sheriff who has made a levy on personal property has such a title as will maintain trespass, replevin, or any other action which depends upon possession ; so he may defend himself by the same title.

In replevin the party entitled to the right of possession of property must prevail.

This was an action of replevin in *cepit* by Watson, as the assignee of Simeon Dean for the benefit of creditors, against Martin, the Sheriff of Sauk county, who had seized the goods assigned by virtue of two writs of *fi. fa.* issued from the circuit court of Dane county, and directed to the Sheriff. The goods consisted of a stock of dry goods, hardware, shoes, and groceries, such as is usually kept in a country store. A list of the goods was contained in the body of the writ, in the declaration, and also in the affidavit for the writ: and the assignment was attached to the declaration and made part of it, and also contained a schedule of the goods differing in several particulars from the lists in the writ, affidavit, and declaration : the assignment followed the form of the one given in the case

of *Keep vs. Sanderson*, 2 Wis., 42, in the provisions for selling the property upon credit.

The defendant pleaded the general issue, and also gave notice that on the trial of this cause, the defendant will insist and prove that the property in the said writ of replevin specified, and each and every thereof, at the time when the detention of the said property is supposed to be, was not in the said plaintiff, but in this defendant as sheriff of Sauk county, Wisconsin, who held the same by virtue of a levy of two several writs of *fi. fa.*, commonly called executions, issued out of the circuit court for Dane county, Wisconsin, and under the seal thereof, in favor of one Jairus C. Fairchild, each dated January 17th, 1855, directed to this defendant as sheriff as aforesaid, requiring him to levy the same on the goods, chattels and real estate of one Simeon Dean, to be found within said county of Sauk, and to make therefrom the sum of three thousand seven hundred and thirty-five dollars and seventy-two cents, with interest thereon, from the said 17th day of January, A. D. 1855, and costs, incident to such judgments and writs, with the further command that this defendant should have the moneys aforesaid before the judge of said court at Madison, in the county of Dane, at a term thereof there to be holden on the first Monday of April, A. D. 1855. And this defendant further says and will prove that on the 19th day of January, A. D. 1855, at the said county of Sauk, and while the said personal property, in plaintiff's said declaration mentioned, was the property and in possession of the said Simeon Dean, as it ever had been, and before the said personal property had been reduced to possession in any way or manner by the said plaintiff, that this defendant as sheriff as aforesaid, levied the said two writs of execution aforesaid, on all and singular the personal property in plaintiff's said declaration mentioned; and that this defendant as sheriff as aforesaid, still holds the said two writs of execution wholly

unsatisfied, except by the levy upon the personal property in plaintiff's said declaration mentioned, wherefore this defendant as sheriff as aforesaid, upon the trial of this cause, will insist that in law he is entitled to a return of all and singular the said personal property in plaintiff's said declaration mentioned; and that this defendant, as sheriff as aforesaid, may have judgment of return or his damages as by law in that behalf provided; and the said plaintiff is further notified that on the trial of this cause, this defendant will insist and prove that the pretended assignment by said Simeon Dean to said plaintiff is fraudulent and void.

On the trial of the case the defendant under his plea and notice, saved the evidence and instructions by bill of exceptions; but as the facts on which the opinion is based, appear in the opinion of the court, they will be omitted here. The judgment was rendered in favor of Watson; and Martin brought the case here by writ of error.

*J. G. Knapp,* for the plaintiff in error.

*C. Abbott,* for the defendant in error.

*By the Court,* WHITON, C. J. The principal error complained of by the plaintiff in error, was in ruling out the testimony offered by the defendant at the trial. The testimony consisted of the records of the two judgments recovered by J. C. Fairchild against Simeon Dean, by a sale from whom the plaintiff claimed the property. This testimony was rejected by the judge before whom the case was tried for the reason that the defendant had not in his plea or notice alleged that Fairchild, the plaintiff, was a creditor of Dean. As the plaintiff in this suit, Watson, claimed the property by virtue of a sale or assignment from Dean, and as in the opinion of

the judge, the assignment was sufficient on its face to convey the property to the plaintiff, although it might be void as against the creditors of Dean, the judge rejected the evidence offered for the reason above stated.

This makes it necessary to examine the notice which the defendant filed with his plea to justify the taking of the property. The plea was the general issue; appended to it was a notice of special matter of defence filed in pursuance of the Revised Statutes. (Rev. Stat., Chap. 119, §24). That part of the notice which is material is as follows: "And the said defendant, as by the statute in such case provided now here gives notice to the said plaintiff, that on the trial of this cause the defendant will insist and prove that the property in said writ of replevin specified and each and every part thereof, at the time when the detention of said property is supposed to be, was not in the said plaintiff, but in this defendant as sheriff of Sauk county, Wisconsin. The notice then goes on to state that the defendant had levied upon it by virtue of two executions issued by the circuit court of Dane county in favor of Jairus C. Fairchild, against the goods, &c., of one Simeon Dean, &c., &c. We think this was a notice that the defendant would prove at the trial that the title to the property was in the defendant and not in the plaintiff. This being the case, there can be no doubt that all the testimony which the defendant might offer to show title in himself, should have been received, if it tended to establish that fact.

The notice had, by our statute, the same effect as a plea of title in the defendant with a traverse of the plaintiff's title. And we suppose that in such a case there can be no doubt that every fact which goes to show that the defendant had such a title as would defeat the action is admissible in evidence.

There can be no doubt that a sheriff who makes a valid levy upon personal property, acquires thereby special property in the thing levied upon. He can maintain trespass, replevin,

Martin vs. Watson.

and all other actions in respect to it which depend upon the right of possession. He has a title to it which he can rely upon in all these actions and he is no more obliged to set out in his pleadings the mode in which he acquired title, than he would be if he had acquired the title in any other way. In actions of replevin where both parties claim title to the property which is the subject of controversy, the question is, which has the prevailing title—that is,—which has the title which confers upon its owner the right of possession. This question frequently arises between bailor and bailee; between the general owner and carrier, or warehouseman, and such is the nature of the action that the party which has the right of possession most prevail. In this case, as we have seen, the defendant in effect set up a title in himself, and traversed the title of the plaintiff. He should therefore be permitted to prove, if he could, any fact which tended to show that he had a title which entitled him to the possesion. If the property belonged to Dean, and was liable to be levied upon by the executions issued upon the judgments which Fairchild had recovered against him, and the defendant had, as sheriff, in fact, made a valid levy, he had acquired such a title as would have prevailed in the suit. He should have been permitted therefore, to show as one step in his proof, that Fairchild had in fact recovered the judgments. This was necessary in order to make out the defendant's title.

The judge therefore committed an error in ruling out the testimony offered. There must therefore be a new trial.

Judgment reversed and a new trial ordered.