## BLAKESLEE vs. ROSSMAN.

REPLEVIN: PLEADING: VERDICT. *(1) Complaint in replevin. (2) Verdict in replevin. (3) Evidence:* Res gestæ.

1. In replevin, where defendant justified as sheriff, under an attachment against the property of one B., and alleged that the goods in dispute, at the time of the levy, etc., belonged to B. and one P., he was entitled under this answer to attack at the trial the validity of a sale of the property by B. and P. to plaintiff, made before the levy. *Martin v. Watson,* 8 Wis., 315, and several later cases, followed; and *Frisbee v. Langworthy,* 11 Wis., 376, so far as in conflict, overruled.

2. The verdict was for the defendant generally, and that he was the owner and entitled to the possession of the property. *Held,*

(1) That this, under the answer above stated, must be construed as a finding that the general ownership was in B. and P.

(2) That although the general ownership was really in plaintiff as against B. and P., yet, as that fact was conceded by the answer, plaintiff's rights (to retain the property upon discharging defendant's special interest therein, or to receive any surplus upon a sale) could not be prejudiced by the verdict; and it sufficiently disposes of the issues litigated.

3. A conversation relative to a sale of goods, and occurring on the day of such sale, between the purchaser and a third person not connected with the sale, is no part of the *res gestæ*, and cannot be introduced as evidence in chief to sustain the sale.

APPEAL from the Circuit Court for *Clark* County.

Replevin, for lumber alleged to have been wrongfully taken from plaintiff by defendant on the 18th of February, 1875. Defendant justified as sheriff, under an attachment duly issued against the property of one Boardman, at the suit of one Telling and others; alleging that the lumber, when the attachment was levied, was the property of said Boardman and one Palmer.

The verdict in defendant's favor is fully recited in the opinion. A new trial having been denied, judgment was rendered in defendant's favor, for ten cents damages and $61.47 costs, and for a return of the property to him, or, in case a return could not be had, for the value of his special interest in the property as assessed by the jury, less a certain amount remitted by the defendant. From this judgment plaintiff appealed.

The errors alleged by the appellant will sufficiently appear from the opinion.

For the appellant, a brief was filed signed by *MacBride & Grundy* as his attorneys, with *Tyler & Dickinson*, of counsel, and the cause was argued orally by *Mr. Dickinson*.

The cause was submitted for the respondent on the brief of *O'Neill & Sheldon*.

COLE, J. I. The first error assigned for a reversal of this judgment is the admission of testimony on the trial, against plaintiff's objections, which tended to show a fraudulent sale or transfer of the lumber in controversy by Boardman and Palmer to the plaintiff. It is said that this evidence was inadmissible under the issues made by the pleadings. The plaintiff claimed to be owner of the property and entitled to the possession thereof by virtue of a purchase from Board-

man and Palmer, made June 30, 1874. In his answer, the defendant, after denying each allegation of the complaint, justified, in substance and effect, the taking and holding of the property as sheriff, under and by virtue of an attachment issued in October, 1874, by the creditors of Boardman; and further alleged " that said property, at the time of said levy, and also at the time mentioned in the complaint, was the property of said S. C. Boardman and one Hiram Palmer," as defendant was informed and believed. Now it is insisted that the defendant had no right to attack the validity of the previous sale made by Boardman and Palmer to the plaintiff, without laying the foundation in his answer for the admission of the evidence, or setting up the facts which went to show that the sale was fraudulent as to creditors. On this question the decisions of this court are not quite harmonious; but the rule to be extracted from the cases seems to be, that the defendant might show, under his answer, that the sale made by Boardman and Palmer to the plaintiff was fraudulent and void as to creditors.

In *Martin v. Watson*, 8 Wis., 315, which was an action by an assignee against the sheriff who had seized the property in dispute on executions against Dean, the assignor, there was a plea of the general issue, with notice of special matter, which the court deemed equivalent to a plea of title in the defendant, with a traverse of the plaintiff's title. On the trial, records of the judgments recovered by Fairchild against Dean were offered in evidence, and rejected for the reason that the defendant had not, in his plea and notice, alleged that Fairchild was a creditor of Dean. But WHITON, C. J., in delivering the opinion, says: " There can be no doubt that every fact which goes to show that the defendant had such a title as would defeat the action, is admissible in evidence." It is true, in the notice of special matter, the defendant stated he would insist and prove on the trial that the pretended assignment by Dean to the plaintiff was fraudulent and void; but no stress is

laid upon that part of the notice in the opinion. *Frisbee v. Langworthy*, 11 Wis., 376, was where the plaintiff in the action claimed the property under a chattel mortgage. The defendant, as sheriff, had seized it on an execution against the mortgagor. Under a *mere general denial* in the answer, the defendant attempted to prove that the mortgage was fraudulent and void; but the evidence was rejected. On appeal, this court sustained the ruling of the court below, on the ground that no foundation was laid for the admission of such evidence in the pleadings. In *Adler v. Cole*, 12 Wis., 189, an action was brought by a vendee of goods against the creditor of the vendor, who caused the goods to be seized on an attachment as the property of the vendor, and also again'st the officer who seized the goods under such attachment; and an averment in the answer that the goods, at the time of such seizure, were the property of such vendor, was held sufficient to authorize the admission of proof that the sale under which the vendee claimed title, was fraudulent and void. This was, in effect, overruling the doctrine laid down in *Frisbee v. Langworthy*, so far as it was in conflict with the rule affirmed in *Martin v. Watson*, and returning to the rule of the latter case. Without any discussion by either court or counsel, this same rule seems to have been acted on in *Blakeslee v. Rossman*, 43 Wis., 116, and perhaps in other cases.

Such being the condition of the authorities in this state, we have concluded to adhere to the rule laid down in *Martin v. Watson* and *Adler v. Cole*. For it is obvious that it is of less importance how the rule of pleading is settled, than that the rule should not be disturbed, having once been settled. See also *Everit v. The Walworth County Bank*, 13 Wis., 420; *Stephens v. Frazier*, 2 B. Mon., 250. We have considered the question as to the admissibility of the evidence offered, without regard to the form of the objection taken to it.

II. Again it is insisted, that if the question of a fraudulent transfer from Boardman and Palmer to the plaintiff was in

issue, then the court erred in excluding the question asked the witness Hewitt by the plaintiff's counsel, whether he had any conversation with the plaintiff, about the 30th of June, in regard to buying the lumber, and, if so, what that conversation was. We fail to understand upon what ground the propriety of the question can be sustained. It is conceded that the general rule is, that the statements and declarations of a party are not competent evidence in his favor. It is suggested that the conversation inquired about was a part of the *res gestæ*. But this position is clearly untenable. *State v. Dickinson*, 41 Wis., 299; *Sorenson v. Dundas*, 42 id., 642; *Felt v. Amidon*, 43 id., 467.

III. The jury, under the charge of the court, which was not objected to on either side, found the following verdict: " We, the jury, impaneled to try the issues herein, find for the defendant; that the defendant is the owner and entitled to the possession and return of the property described in the complaint; that the value of the defendant's interest in the property is the sum of $1,250; and we assess the defendant's damages for the detention thereof at the sum of ten cents." It is insisted that this verdict is incomplete, because it fails to find upon all the issues; in other words, does not find who was the general owner of the property. It will be borne in mind that the answer alleged that the property, at the time it was seized on the attachment, was in Boardman and Palmer. The verdict, we think, amounts to a finding that the general property was in them at the time of the levy. Upon the admitted facts of the case, this was not strictly correct; for, though the sale to the plaintiff might be void as to the creditors of Boardman and Palmer, or as to the creditors of Boardman, still it is obvious that it would be valid as to the parties to the contract, and pass the title as between them. But the inaccuracy in the verdict in this particular could injure no one; for we suppose the plaintiff would have the undoubted right to retain the property after discharging the sheriff's interest therein, or, in

case the property was returned to the possession of the sheriff and sold, the plaintiff would be entitled to any surplus which might remain after satisfying the attachment lien. So, notwithstanding the verdict must be deemed equivalent to a finding that the general property was in Boardman and Palmer when the levy was made, yet this cannot prejudice the plaintiff. The general ownership of the property was conceded to be in the plaintiff, subject to be avoided only by the creditors of the vendors. And we therefore think the verdict sufficiently disposes of the issues that were really litigated. *Single v. Barnard*, 29 Wis., 464.

IV. The third and fifth errors assigned for a reversal of the judgment, that the verdict was against the evidence, and that the value of the defendant's interest in the property, as found by the jury, was excessive, may be dismissed with the single remark, that there is evidence in the case which would sustain the verdict in both particulars after the defendant remitted the sum of $335.75 from the verdict.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part.