WELCOME, Respondent, vs. MITCHELL and another, Appellants.

*February 25 — March 22, 1892.*

*(1, 2) Fraudulent conveyances: Pleading: Evidence: Impeachment of witness. (3) Appeal: Insufficient exception: Instructions to jury. (4) Chattel mortgages: Sale without notice.*

1. In an action against a sheriff and his deputy for wrongful conversion of chattels, an answer alleging that defendants took them under an execution and that they were, at the time, the property

Welcome vs. Mitchell and another.

of the execution debtor and subject to seizure and sale as such, is sufficient to allow proof that the plaintiff's title, derived from the debtor, was fraudulent and void as against the creditors of the latter.

2. In such an action the debtor was called as a witness by defendants, but testified adversely to them. Defendants then offered evidence to show that after the execution of the conveyances claimed to be fraudulent, and before the trial, the debtor had made declarations contrary to such testimony and which tended to show the conveyances to be fraudulent. *Held*, that such evidence was inadmissible.

3. An exception to the refusal of the trial court to give certain instructions *except as given in the general charge* — such charge being quite voluminous — is not sufficiently specific and certain.

4. The title of a purchaser at private sale under a chattel mortgage, without previous notice given thereof, is not invalid, under ch. 294, Laws of 1887, as against creditors of the mortgagor. That statute was designed for the protection of the mortgagor, and he may waive the benefit of it or elect not to claim it.

APPEAL from the Circuit Court for *Waushara* County.

The complaint in this action charges the defendants, *Mitchell*, the sheriff of Waushara county, and *George Goult*, his deputy, with the wrongful taking and conversion of certain personal property of the plaintiff of the value of $167. The defendants justify as such sheriff and deputy under an execution issued March 3, 1890, on a judgment in the circuit court for that county in favor of one Merriman against W. H. H. Hogle, rendered February 26, 1890, for $1,506.57, alleging that when they took said property it was the property of said judgment debtor and liable to seizure and sale upon such execution, without alleging that the plaintiff's title was fraudulent and void as against Hogle's creditors. The plaintiff claimed the property under and through divers chattel mortgages made to certain of Hogle's creditors, February 6, 1890, which he had purchased, and a part of it under a bill of sale from Hogle to himself made at the same time, and another part by purchase at private sale and without previous notice from one of the mortgagees in one of said chattel mortgages; and the vital question was

Welcome vs. Mitchell and another.

whether the mortgages and bill of sale were fraudulent and void as against Hogle's creditors.

The execution and judgment under which defendants justified were put in evidence, and Merriman testified that at the time the chattel mortgages and bill of sale were given Hogle was indebted to him, and had been for many years, and that the debt had not been paid in full. Evidence was given tending to show that in 1887, and also in 1889, Hogle conveyed a portion of the property in dispute to the plaintiff, in trust for certain of his creditors; but, being advised that these transfers were void, he executed eight chattel mortgages and two bills of sale to various of his creditors of all his personal property not exempt, under some of which the plaintiff claims, the plaintiff acting in the transaction as the agent of such creditors in taking said mortgages and filing them; and these securities were intended to take the place of the transfers to the plaintiff in trust, supposed to be void. The creditors secured by the mortgages did not know of their existence until some time after they were filed, but before the levy they ratified what had been done in their behalf, and took the benefit of the security thus taken.

During the trial question was made whether the answer was sufficient to allow the defendants to give evidence showing that the title of the plaintiff was fraudulent and void as against Hogle's creditors, and the court excluded some evidence offered for that purpose, but finally ruled that such evidence was admissible, and thereafter received all evidence offered for that purpose. There were other rulings rejecting evidence which were excepted to, but the exceptions are so clearly without merit as to require no particular notice.

The defendants called Hogle, the judgment debtor, as a witness to prove certain facts supposed to be material to their defense, and he testified adversely to them in these respects. They then sought to prove that he had made

declarations previous to the trial contrary to his testimony so given, and that such declarations, which were made after the execution of the bill of sale and mortgages, tended to show that they were fraudulent. Evidence was given tending to show that an immediate delivery was not made of the property embraced in the bill of sale, and that the sale was not followed by an actual and continued possession thereof. Considerable testimony was given tending to impeach the plaintiff's title, as being fraudulent as against Hogle's creditors, and also on his part to show that it was *bona fide*, and that the chattel mortgages were given to secure honest debts; but a further statement of the testimony would serve no useful purpose, in view of the finding of the jury.

The court instructed the jury fully in relation to the law concerning sales and transfers made with intent to defraud creditors. The defendants submitted four requests to charge the jury, two of which are manifestly faulty, but the other two may be considered substantially correct. The bill of exceptions states that " each and every of said instructions asked for by the defendants the court refused to give, *except as given in the general charge*, and the defendants, by their counsel, *to such refusal* then and there duly excepted."

After verdict for the plaintiff, the defendants moved to set it aside and for a new trial upon the ground that the verdict was contrary to law and the evidence, but the motion was denied. From a judgment entered on the verdict the defendants appealed.

The cause was submitted for the appellants on the brief of *S. A. Corning*, attorney, and *R. W. Hubbell*, of counsel, and for the respondent on that of *Cate, Jones & Sanborn*.

PINNEY, J. 1. The answer of the defendants was sufficient, within the decisions of this court from the earliest

Welcome vs. Mitchell and another.

period, to allow them to give evidence to show that the title of the plaintiff was fraudulent and void as against Hogle's creditors, and as against the defendants seizing it under valid process for the satisfaction of his debt to Merriman, although the answer did not contain any express allegations of its fraudulent character. It was enough for the defendants, as officers, to plead their process, and to allege, as they did, that the property seized by them was, at the time, the property of the debtor in the execution, and liable to seizure and sale under it. *Martin v. Watson,* 8 Wis. 315; *Blakeslee v. Rossman,* 44 Wis. 553–555. Some evidence was offered for the purpose of showing fraud in the plaintiff's title as against Hogle's creditors, and excluded; but the circuit judge reconsidered the ruling, and decided that such evidence was admissible under the answer, and thereafter received all proper evidence tendered by the defendants on that point. It does not appear that the defendants were prejudiced by the ruling complained of, and under the circumstances we think they cannot maintain their assignment of error in this respect. It is proper to observe, in this connection, that the defendants sought, by their cross-examination of the plaintiff when he was a witness in his own behalf to make out his case, to elicit some evidence to the same effect; but the inquiry was not pertinent to any matter testified to by him on his direct examination, and was not, therefore, properly cross-examination; and, besides, the defendants had not then entered upon their defense, and it did not then appear that they represented the rights of Merriman as a creditor of Hogle. The ruling of the circuit court sustaining objections to the inquiry as then proposed was manifestly correct.

2. The evidence offered to show that Hogle, the judgment debtor under the execution, after the execution of the mortgages and bill of sale, made statements at variance with his testimony as a witness for the defendants, and

which also tended to show that the plaintiff's title was fraudulent, was so clearly inadmissible as not to require comment. The defendants could not thus impeach their own witness, nor could they give in evidence Hogle's subsequent declarations to impeach the mortgages and bill of sale theretofore executed. Greenl. Ev. § 444a; *Norton v. Kearney*, 10 Wis. 443; *Bates v. Ableman*, 13 Wis. 644; *Grant v. Lewis*, 14 Wis. 487.

3. The court submitted the question to the jury as to the *bona fides* of the bill of sale in terms quite as favorable to the defendants as they had a right to ask, and the general charge of the court was quite elaborate, and all exceptions taken to it, in view of the evidence, are untenable. The exception to the refusal of the court to give the four instructions asked by defendants is to the refusal to give them *except as given in the general charge*, which extends over thirteen printed pages, the requested instructions covering three additional pages. This exception is not sufficiently specific and certain. To ascertain whether there is any ground for it requires a careful and critical comparison in all particulars of the requested instructions with the entire charge. The exception is clearly unavailing. The office of an exception is to point out the ruling or decision excepted to with clearness and common certainty.

4. The objection to the plaintiff's title to a part of the property in question, that it was derived by a private sale from the mortgagee under one of the chattel mortgages, without previous notice given thereof, contrary to the provisions of ch. 294, Laws of 1887, and is therefore void, is not well taken. This statute was designed for the protection of the mortgagor, and he may waive the benefit of the statute or elect not to claim it. *Stevens v. Breen*, 75 Wis. 600.

Upon the questions of fact involved, there being a conflict of evidence and sufficient evidence to support the ver-

dict, it cannot now be disturbed.    We do not perceive any error in the case of which the defendants can complain.

*By the Court.*— The judgment of the circuit court is affirmed.