Evans, Appellant, vs. Williams, Respondent.

*August 30 — September 27, 1892.*

*Fraudulent conveyances: Chattel mortgage: Attachment: Replevin:*
*Pleading: Findings.*

1. In replevin against a sheriff for goods taken by him under an attachment against the property of a third person in whose possession they were, and from whom the plaintiff claims to derive his right by mortgage, an allegation in the answer that "such mortgage was fraudulent and void as to the creditors of " the mortgagor, without stating more fully the facts of fraud, is sufficient, under sec. 2319, R. S., to cast upon plaintiff the burden of proving that the mortgage was not fraudulent.

2. And a finding in similar language by the court (a jury trial having been waived) is a sufficient finding of the fraud.

APPEAL from the Circuit Court for *Waupaca* County. Replevin. The facts are stated in the opinion. A jury was waived, and a trial by the court resulted in findings and a judgment for defendant. The plaintiff appeals.

For the appellant there was a brief by *Irving P. Lord*, attorney, and *Phillips & Kleist*, of counsel, and oral argument by *M. C. Phillips.*

For the respondent there was a brief by *Thorn & Guernsey*, and oral argument by *Gerrit T. Thorn.*

ORTON, J.   The firm of O. Ladewig & Co., consisting of
Tena Ladewig and Louis G. Leitzke, merchants in posses-
sion of a general stock of goods, executed to the plaintiff a
chattel mortgage on the same to secure the note of said firm
to him of $227.50.   There was no change of possession of
said stock, but the same was left in the possession of said
mortgagors, who continued their business in the usual course
of trade, the same as before the mortgage was given, mak-
ing sales of the stock for cash and upon credit, and con-
verted and used and applied the proceeds of their sales
to their own use, and to the payment of their other cred-
itors, and to their own living and support, and exchanged
goods for produce as they saw fit and proper, and kept no
account of their sales and doings, and were not required to
do so by the plaintiff as the mortgagee; and they conducted
their business generally and in the sale of said stock of
goods as if no mortgage had been given.   After the said
mortgage was executed, the defendant, as sheriff, by his
deputy, seized and attached said stock of goods on several
writs of attachment in favor of several creditors of said
firm, and had the same in his possession when the plaintiff
brought this action of replevin to obtain the possession of
the same, and thereby obtained possession of a large part
thereof, by virtue of his said mortgage.

These facts were found by the circuit court on the trial
of the action, together with the further fact " that the
chattel mortgage aforesaid, made to plaintiff, was fraudu-
lent and void as to the creditors aforesaid of said Tena
Ladewig and Louis G. Leitzke, and was given for the pur-
pose of hindering and delaying their creditors."   The court
rendered judgment in favor of the defendant for the value
of the goods taken by the writ, and from said judgment
this appeal is taken.

The questions raised on this appeal are, *first*, that the
answer does not sufficiently state the facts of the fraud

therein alleged to admit of evidence thereof; *second*, that the findings do not contain the facts of the fraud; *third*, that the fraud was not proved.

1. The answer alleges " that said chattel mortgage was fraudulent and void as to the creditors of Tena Ladewig and Louis G. Leitzke, the mortgagors named in said mortgage, and was given for the purpose of delaying and hindering the creditors of said Tena Ladewig and Louis G. Leitzke." In sec. 2319, R. S., it is provided that when it shall appear in an action against a sheriff to recover the possession or value of personal property that he obtained the possession of such property by virtue of a writ of attachment against the property of a person not a party to such action, from whom the plaintiff claims to have derived his right by a mortgage, and that such property was taken by the officer from the possession of the defendant in such attachment, " *and it shall be alleged in the answer of the defendant that such mortgage was fraudulent as to the creditors of the mortgagor*, then the burden of proof shall be upon the plaintiff to show that such mortgage was given in good faith and to secure an actual indebtedness and the amount thereof." This answer in respect to the fraud of the mortgage is in the precise language of the statute, and it cast the burden of proving that the mortgage was not fraudulent, but was given in good faith, upon the plaintiff. The evidence of the fraud to be introduced by the defendant is to rebut the testimony introduced by the plaintiff to show negatively that the mortgage was not fraudulent. This being the issue in such a case, the defendant's allegation in his answer in the language of the statute is sufficient to cast the burden of proof of this issue upon the plaintiff; and this is all that the defendant is required to allege.

2. The findings of the court embrace many facts tending to show fraud in the mortgage; such as the mortgagor continuing in possession of the stock, and selling it for cash

and on credit, and exchanging it for other property, and living upon and consuming the proceeds, and generally treating the goods as if not mortgaged and as before the mortgage; and then there is a finding on the issue of fraud, as before stated. It is objected that the findings do not contain the fact that the mortgagees knew of such treatment of the stock as their own by the mortgagors, and that there was no agreement or understanding at the time the mortgage was given, between the mortgagors and mortgagee, that the mortgagors might so treat the stock as their own. A finding is sufficient that disposes of all the issues in the case (*Knox v. Johnston*, 26 Wis. 41); and a very general finding may be sufficient if it supports the judgment (*Demming v. Weston*, 15 Wis. 236). A finding that all the facts set forth in the complaint or answer are true is sufficient. *Catlin v. Henton*, 9 Wis. 476. All the issues in replevin are found, besides the issue "that the mortgage was fraudulent and void as to their creditors, and was given for the purpose of hindering and delaying their creditors." There was no request by the plaintiff that any additional fact should be found. The findings are clearly sufficient to support the judgment. If the allegations of fraud in the answer in the language of the statute were sufficient, it follows that the finding of that issue in the same language ought to be sufficient also. In connection with this question it is proper to refer to the testimony of the said Louis G. Leitzke, one of the mortgagors. He testified that "the agreement was that I could handle the business just the same as I did before giving the mortgage." This evidence would justify the finding of fraud, in connection with the other facts found by the court.

3. The facts of the fraud appear to have been sufficiently proved to justify the finding.

*By the Court.*— The judgment of the circuit court is affirmed.