WALTER S. SAMPSON & another *vs.* CITY OF BOSTON.

Suffolk. March 6, 1894. — May 16, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Action — Contract of Indemnity by Public Officers not within the Scope of their Authority.*

Commissioners to make preliminary plans for the erection of a new court-house for the county of Suffolk were appointed by the mayor of the city of Boston, under the authority of an order of the city council approved March 4, 1885, which provided that the commissioners should "incur no liability for or in behalf of the city unless specially authorized so to do by the city council." The St. 1885, c. 377, as amended by St. 1886, c. 122, authorized the same commissioners to proceed with the erection of such court-house, and they, acting under the authority so conferred, made a contract in writing with the plaintiffs for the laying of the brickwork and masonry of a portion or section of such

structure. Subsequently, the commissioners, acting on behalf of the city of Boston, but, so far as appeared, without the authority of the city council, with a view to hastening the work and to making uniform progress in the construction of the different sections of the structure upon which contractors other than the plaintiffs might be employed, entered into an agreement with the plaintiffs, whereby, in consideration of their abandoning the derricks which they had provided, and of their using in place thereof the " Norcross derricks," so called, the city should at its own expense construct the Norcross derricks, under the direction of the commissioners, and be responsible for their safe construction and erection, and should hold the plaintiffs harmless against any loss or damage which they might suffer by reason of any defect in the construction or any negligence in the erection of the derricks so long as the city should continue to own them. The Norcross derricks were afterwards erected by the city, and while in use by the plaintiffs pursuant to the agreement, and while they remained the property of the city, by reason of their improper construction and erection, fell and injured a workman employed by the plaintiffs. The workman subsequently recovered judgment against the plaintiffs for damages, which they were compelled to pay, and thereupon they brought an action on the agreement against the city of Boston to recover back the sum so paid by them. *Held,* that the action could not be maintained.

CONTRACT. The declaration alleged that, by the authority of an order of the city council of the city of Boston, approved March 4, 1885, three commissioners were appointed by the mayor to make preliminary arrangements for the erection of a new court-house for the county of Suffolk; that by St. 1885, c. 377, as amended by St. 1886, c. 122, the commissioners so appointed were authorized, subject to the approval of the mayor of the city, to take land for such purpose, and, acting for the city of Boston, within a reasonable time to erect thereon a suitable court-house, work not to be begun, however, until proposals for doing the work should be received, and until contracts with satisfactory guaranties for their performance should be made; that pursuant to the acts so specified the commissioners took land, and advertised for proposals for the erection of the court-house, such proposals to be for doing different parts of the work separately and in different sections; that the plaintiffs made proposals to the commissioners for doing the stone and brick mason-work, at different times, upon different and separate sections of the work; that the proposals were accepted, and contracts were entered into in writing between the commissioners and the plaintiffs accordingly, and that the plaintiffs have executed the contracts in part, and are still engaged in the performance of the same; that under the contracts all the work of

construction was to be done under the direction and control and subject to the approval of the commissioners, and of a supervising architect appointed by them ; that when they entered upon the work they had a complete and sufficient outfit of tools, machinery, and appliances for its performance, including an ample supply of suitable derricks ; that thereafter, to facilitate the general work of construction, and to enable the contractors who from time to time might be engaged in such construction on different parts of the building to carry on the work with uniformity, and to make substantially equal progress in raising all parts of the building, the commissioners and the supervising architect proposed to construct a system of derricks known as the " Norcross derricks," such derricks to be constructed at the expense of the city of Boston, and to be its property unless and until they should be purchased by such contractors ; that the contractors were requested by the commissioners and architect to abandon their own derricks, and to adopt and use in common with other contractors the system so to be constructed ; that thereupon it was agreed by the plaintiffs and the city of Boston, acting through the commissioners and the supervising architect, that the use of the plaintiffs' derricks should be abandoned and that the system of " Norcross derricks " should be constructed and set up for use by the city, and that the plaintiffs should use the same in the performance of their contracts instead of their own ; that such change was made, and such agreement entered into wholly for the benefit of the city, and not for the convenience or advantage of the plaintiffs, and in consideration thereof it was understood and agreed between the plaintiffs and the commissioners and architect that the Norcross derricks should be constructed under the direction of the commissioners and the architect ; that the same should be set up for use by them, and that the city should be responsible for their proper construction, and for setting them up properly and securely, so that they could be used by the plaintiffs with safety to themselves and their employees and without detriment to their work, and in consideration of the plaintiffs consenting to abandon the use of their own derricks, and to use the derricks supplied by the city, the city through its commissioners and the supervising architect undertook and agreed to hold the plaintiffs harmless

against all loss or damage to which they might be subjected by reason of any defect in the construction of the Norcross derricks, or any negligence or carelesness in setting them up for use, so long as the city should continue to own them ; that prior to November 9, 1887, the city of Boston, acting through the commissioners and the supervising architect, pursuant to the agreement, caused four derricks of the character described to be constructed and set up upon certain sections of the court-house then in process of construction by the plaintiffs, and so connected them with one another and with two previously set up on another section by guy ropes and otherwise as to form a connected system over the entire work ; that the plaintiffs did nothing toward their construction or setting up, but that the same was done wholly by the city, pursuant to its agreement with the plaintiffs ; that on November 9, 1887, the plaintiffs were informed by the city, through the commissioners and architect, that the derricks were ready and safe for use, and they were directed to proceed to use them in the further construction of the court-house ; that on that day one of the derricks so erected fell, and by reason of its connection with the others caused the whole system to fall ; that the derrick which fell was improperly constructed, and improperly, negligently, and carelessly set up by the city, whereby and solely in consequence whereof, and not through any fault of the plaintiffs, the fall was caused ; and that the improper construction and negligent setting up of the derrick and its defective condition were unknown to the plaintiffs, and were not, by the use of due care, discoverable by them before or after they began to use it.

The declaration further alleged that, while the plaintiffs were using the derrick in the performance of their contract, on November 9, 1887, one Gardella, who was employed by them, was struck by the falling derrick and badly injured ; that thereafter, in an action brought against the plaintiffs to recover for such injuries, Gardella recovered judgment for a large sum, to wit, $6,358.72, which judgment the plaintiffs were compelled to pay, together with the sum of one thousand dollars which they were compelled to pay in defence of that action ; and that the plaintiffs have demanded reimbursement and payment to them of the sums so paid, but the defendant has refused to pay them any-

thing, wherefore, as they allege, the defendant owes them the sum of $7,358.72.

The order of the city council of the city of Boston referred to in the declaration was as follows: " In Common Council, Jan. 29, 1885. Ordered, That his Honor the Mayor be, and he is hereby, authorized to appoint three citizens of Boston as commissioners for and in behalf of the city, to make all preliminary arrangements for the erection of a new court-house for Suffolk County, including the preparation of plans and estimates of the cost thereof; to confer with the proper officers of the Commonwealth in relation to the co-operation of the Commonwealth with the city in that behalf; to obtain additional legislation, if necessary, to enable the city to acquire additional land for such building; and from time to time to report their action to the city council with such recommendations as shall seem to them expedient. The compensation of such commissioners shall be fixed by the Mayor, and said commissioners may employ such clerical or other assistance as may be needed; provided, however, that the expense of said commission shall not exceed the sum of five thousand dollars for the present municipal year; and provided further, that the said commissioners shall incur no liability for or in behalf of the city unless specially authorized so to do by the city council."

The defendant demurred to the declaration, and assigned as grounds thereof, that the declaration set forth no cause of action; that neither the commissioners nor the architect were the agents of the defendant, and that they had no authority to enter into any agreement in behalf of the defendant, or to bind it by any agreement in regard to the derricks; and that there was no privity of contract between Gardella and the defendant, or any liability on its part to him, in respect of any of the matters alleged in the declaration.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiffs appealed to this court.

*J. O. Teele,* for the plaintiffs.

*R. W. Nason,* for the defendant.

HOLMES, J.   The contract set out in the declaration is alleged to have been made on behalf of the city of Boston by the com-

missioners referred to, and therefore can bind the city only so far as the commissioners had authority to bind it. The order authorizing the appointment of the commissioners expressly provides that they shall incur no liability for or in behalf of the city unless specially authorized so to do by the city council. The city council is not alleged to have authorized the commissioners to incur the liability sought to be enforced, if the city council could have done so, and therefore the authority, if any, must be found in the later statutes referred to in the declaration.

The important act is St. 1885, c. 377. The first section authorizes the commissioners to take land subject to the approval of the mayor ; the third makes it the duty of the city, acting by and through the commissioners, to erect a suitable courthouse upon the land taken. No other authority is given. It will be seen that the service which the city is required to perform through the commissioners is one which, in the language of *Hafford* v. *New Bedford*, 16 Gray, 297, 302, " it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community." If the commissioners had undertaken to construct the building, instead of contracting for its construction, clearly the city would not have been answerable in tort for an accident like the one in question, upon well established principles. *Hill* v. *Boston*, 122 Mass. 344. *Tindley* v. *Salem*, 137 Mass. 171, 174. *Howland* v. *Maynard*, 159 Mass. 434. We are of opinion that the commissioners were not given authority to make the city answerable by contract.

Apart from the anomaly which there would be if an agent had the power to impose such a liability indirectly when he could not do it directly, there is another consideration peculiar to this case. We assume that the commissioners had power to bind the city to pay the price of the work to be done, within the limit fixed by § 3, but no other power is given them expressly by the words of the statute. The statute recognizes the order appointing them, and proceeds on the footing that that is the source of their agency. § 1. Therefore the statute should not be taken to remove the limits set upon their powers by the order, as we have stated, any further than is expressed. Many contracts can be imagined which in one or another set of circum-

stances it would be convenient to make, in aid of the principal contract for the construction of the building. Whether any of them would be within the power of the commissioners we need not consider. Some at least would not be, and we are of opinion that the present one is on the wrong side of the line, apart from the rather remote possibility that it might require an expenditure of more than the sum mentioned in § 3 and St. 1886, c. 122, § 2.                              *Demurrer sustained.*