BURNHAM, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 30—November 18, 1913.*

*Pleading: Answer: Demurrer: Municipal corporations: Milwaukee charter: Streets: Unlawful change of grade: Damages: Special assessments: Reassessment: Taking private property without compensation: Area under sidewalk: Failure to compel contractors to finish work on time: Liability of city.*

1. A pleading which attempted to combine an answer with several demurrers to the complaint should have been stricken out by the trial court.

2. Where a complaint states but one cause of action, the nature of the action is to be determined by the predominant facts stated.

3. A demurrer will not lie to mere surplusage not attempted to be set forth as a separate cause of action, nor to a sentence, nor to a part of a cause of action; but the plaintiff cannot avoid a demurrer to separate causes of action, if there are such, merely by joining them in one count of the complaint.

4. An action to recover damages for an unlawful change of a street grade and to recover money paid upon an illegal assessment certificate issued thereon, is, under present statutes, in effect an action for a reassessment, and based upon such cause of action there can be no recovery for private property taken for public use without compensation, nor for the incumbering or blocking of streets by contractors.

5. Construed liberally—as required by sec. 2649a, Stats. (Laws of 1911, ch. 354),—the complaint in an action against a city is *held* to state a cause of action for an unlawful taking by defendant, in changing the grade of a street, of private property of plaintiff without resorting to condemnation proceedings or making compensation therefor, such property being a part of an area or basement lying outside of the limits of the street.

6. The same complaint is *held* also to state a cause of action for damages and for a reassessment, it being alleged that the established grade of the street was changed and that no assessment of benefits and damages sustained by the owners of the property adjacent and abutting upon the street was made prior to the letting of the contract for the work as required by law (Milwaukee City Charter, ch. VII, secs. 6–10),—although it also shows that such an assessment was made at some later time.

7. If plaintiff recovers in such action for unlawful taking of his private property, such damages cannot be duplicated under the cause of action last above mentioned.

8. If, however, the part which was taken of the basement or excavated area was under the sidewalk and in the street, plaintiff cannot recover such damages as if it were his private property, but it is to be treated as any other convenience of a temporary character which he was rightfully enjoying and had the right to enjoy until the city lawfully terminated such right, and for its loss by an unlawful change of grade he is entitled to recover the diminution in value of his property with its lawful appurtenances, after due allowance made for benefits.

9. Under the Milwaukee city charter, no petition of abutting property owners need be presented to the common council prior to the enactment of an ordinance changing the established grade of a street. The provisions of sec. 6, ch. VII, of the charter relate to a petition at a later stage of the proceedings.

10. Although municipal contracts for the construction of a bridge and tunnel each prescribe a time for completion of the work and a per diem penalty for delay, the mere omission of the city to enforce such penalty or to compel the contractors to complete the work, even though it results in injury to an abutting property owner by permitting the street to be incumbered, preventing his use of the street and bridge, and impairing or preventing access to his premises for a longer time than necessary, will not render the city liable in damages to such property owner.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The appeal is from an order overruling several demurrers to the complaint.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.* They contended, *inter alia,* that the city was not liable to plaintiff for damages for interference with his basement under the sidewalk, especially where it was not charged with notice of its existence, citing *Jennings v. Johonnott,* 149 Wis. 660, 135 N. W. 170; *Milwaukee-Western F. Co. v. Milwaukee,* 152 Wis. 247, 260, 139 N. W. 540; *Sanderson v. Herman,* 108 Wis. 662, 84 N. W. 890, 85 N. W. 141; *Deshong v. New York,* 74 App. Div. 234, 77 N. Y. Supp. 563, affirmed 176 N. Y. 475, 68 N. E. 880; *Lawler v. Brennan,* 150 Wis. 115,

134 N. W. 154, 136 N. W. 1058; *Babbage v. Powers,* 130
N. Y. 281, 29 N. E. 132; *Calder v. Smalley,* 66 Iowa, 219,
23 N. W. 638; *Shellon Co. v. Birmingham,* 61 Conn. 518,
24 Atl. 978; *Winter v. Montgomery,* 83 Ala. 589, 3 South.
235; 3 Dillon, Mun. Corp. (5th ed.) §§ 1178–1180; 3 Mc-
Quillin, Mun. Corp. § 1343.

For the respondent there was a brief by *Marshutz & Hoff-
man,* and oral argument by *J. H. Marshutz.*

TIMLIN, J.   The complaint purports to state one cause
of action.   Defendant's counsel has discovered therein five
ineffective attempts to state five causes of action and has in-
terposed a combination of answer and five demurrers in one
instrument.   This mode of pleading is irregular and should
have been stricken out by the trial court, but that court pro-
ceeded to rule on the demurrers and we do also.   The only
pleading on the part of the defendant is either a demurrer or
an answer, not both.   Sec. 2648, Stats.   If, as claimed by
respondent's counsel, the complaint states but one cause of
action, the nature of the action should be determined by the
predominant facts stated, and so construing the complaint
the action would be one to recover damages for an unlawful
change of grade and to recover money paid upon an illegal
assessment certificate issued thereon.   This is, under pres-
ent statutes, in effect an action for a reassessment, and based
upon such cause of action there could be no recovery for pri-
vate property taken for public use without compensation, no
recovery for incumbering or blocking the streets by con-
tractors, and only a recovery of the lawful measure of dam-
ages appropriate to such cases.   It is therefore well to con-
sider the complaint also from the viewpoint of appellant's
counsel.

A demurrer will not lie to mere surplusage not attempted
to be set forth as a separate cause of action, nor to a sentence,
nor to a fragment of a cause of action.   But the plaintiff can-

not avoid a demurrer to separate causes of action, if there are such, merely by joining them in one count of the complaint. We are unable to discover more than three attempted causes of action, namely: one to recover a special assessment of benefits paid and to recover damages on account of an unlawful change of grade; another to recover for the taking of private property for public use without compensation; and a third to recover against the city damages caused by obstruction of the street in front of plaintiff's premises and delay in building a bridge and tunnel and not compelling the contractors to proceed within the time limited in their contracts. Because the location and situation of the real estate in question is involved in each of the three alleged causes of action, it will tend to clearness to take up first that alleged cause of action relating to the taking of private property without compensation.

It is impossible to tell with any certainty from the complaint on which side of Ferry street this property lies. Defendant's brief states that the property is on the east side of Ferry street and its counsel so understand the complaint. The respondent's brief says that the property is on the northwest corner of South Water street and Ferry street, which would bring it on the west side of Ferry street, and respondent's counsel so understand the complaint. The complaint avers that the premises abut on Ferry street on the east, but whether that is on the east of the street or on the east of the premises is pretty hard to tell. Another averment of the complaint describing an area under the sidewalk enjoyed by plaintiff prior to the last grading avers, "the east wall of said basement was built of solid stone to a depth of eight (8) to ten (10) feet from the street level, said wall being at the west edge of said street as then laid out." If plaintiff's premises were on the east side of the street, this would carry us clear across the street to the west side and the area excavation would not be wholly under the sidewalk, so that

this would indicate the plaintiff's premises were on the west side of the street and his east wall of the excavated area under the sidewalk. It is further averred that "the said stone wall forming the eastern boundary of plaintiff's basement was torn down, and there was erected in its place a concrete wall, not in the same place as that of the stone wall taken down, however, but several feet to the westward, thereby cutting off and depriving this plaintiff of that much space in his said basement." This would also seem to indicate that plaintiff's property abutted on the west side of the street, so that a westward movement of the eastern wall would diminish the space formerly inclosed. The complaint also avers:

"No petition was made for the purpose of condemning plaintiff's land or no resolution of the common council was had in the matter, as by statute made and provided, and in other respects the law was not followed in the matter of taking this land, and therefore such taking was absolutely unlawful and illegal and damaged the plaintiff in the sum of five hundred dollars ($500)."

This presents very significant indications of a rather clumsy attempt to state a cause of action for an unlawful taking of private property of the plaintiff. If his property abutted on the west side of the street and his east area wall was at the west edge of the street as then laid out, the whole area was west of the west street line and was private property, yet plaintiff makes no such claim in his brief. It would aid this alleged cause of action to hold that the property in question abutted on the west side of Ferry street, and we must give the complaint that construction if necessary to support a cause of action. We think the complaint will bear that construction, and consequently that a cause of action is stated for taking, without resorting to condemnation proceedings or making compensation, the private property of the plaintiff which lay west of the west line of the street. Whether

this can be proven is an entirely different question and not before us on this demurrer. Ch. 354, Laws of 1911 (sec. 2649a, Stats.), provides that in case of a general demurrer to a complaint, if upon the facts stated, construing the pleading as provided in sec. 2668, plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress; while sec. 2668 provides that in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties. Although it encourage confusion we must observe these statutes, and, so doing, the demurrer must be overruled or disregarded as to this probable cause of action.

2. In support of another alleged cause of action, we find in the complaint averments tending to show that the plaintiff owns property abutting on Ferry street and that the grade of that street had been fixed by ordinance and the street graded up to the line so fixed, and that thereafter and for the purpose of making an approach to a new bridge across the Milwaukee river, which river adjoins plaintiff's property on the north, the common council by ordinance introduced on April 13, 1908, and passed on June 22, 1908, changed the grade of that part of Ferry street upon which plaintiff's property abutted, and thereafter the city graded Ferry street to this new or changed line, causing damage to the plaintiff. It is averred, apparently in order to invalidate said ordinance changing the grade, "that no petition was presented prior to the enactment of such ordinance signed by the residents of said city owning a majority of the feet in front of the lots upon said proposed improvement." No such petition is required by law. The provisions of sec. 6, ch. VII, of the charter relate to a petition at a later stage of the proceedings, but the complaint contains no averments sufficient to show that the petition there mentioned was omitted, even

if it could be said to be required in the instant case.    It is also averred, apparently for the purpose of invalidating the assessment, that "no assessment of benefits and damages sustained by the owners of the property adjacent and abutting upon said street, by reason of the change of grades of said street, was made prior to the letting of the contract as by law provided."    It is manifest that this is not intended to negative the fact of any assessment of benefits and damages, because elsewhere in the complaint it appears that such assessment was made and the benefits exceeded the damages and they were paid by the plaintiff, and he seeks to recover this payment.    So that the averment relative to the omission of assessment of benefits and damages must mean that such assessment was made at some time, but was not made prior to the letting of the contract for the work of grading up to the new grade line.    Sec. 8 of ch. VII of the city charter provides that "the owner of any lot or parcel of land which may be affected or injured in consequence of such alteration of grade, shall be entitled to compensation therefor; and it shall be the duty of the board of public works, before ordering to be done the work of actually changing such established grade by excavating or filling such street to the new grade as so altered, and at the time of making their assessment of benefits, as provided in the next preceding section, to consider, determine and assess against the lots which they may deem benefited by the proposed improvement, to the amount of such benefits, the damages, costs and charges, including the cost of such improvement—arising from such alteration of grade."    The preceding sec. 7 of ch. VII provides that before ordering any work to be done by the owners of lots or lands fronting on the same an assessment of benefits and damages shall be made, and that the board shall indorse their decision and assessment in every case on the estimate of the cost of such improvement filed in their office.    Sec. 10 of ch. VII, requiring the board of public works as soon as their

assessment is confirmed by the common council to enter into a contract for the work, was a later amendment and qualifies that part of sec. 7 which speaks of the work to be done by the lotowners. The estimate of the cost of improvement must precede the assessment and the assessment must precede the letting of the contract under secs. 6, 9, and 10 of ch. VII of the charter. No doubt this assessment must be corrected after the making of the contract in case the excess of benefits over damages should exceed the cost of the improvement. If the complaint could be read to mean that the assessment was not completed prior to the letting of the contract, this cause of action would be defectively stated, but a fair construction of the complaint in this respect leads to the conclusion that the pleader intended to charge that no assessment was made prior to letting the contract. This would be, to say the least, an irregularity avoiding the assessment and requiring a reassessment at which the plaintiff would have opportunity to be heard in respect to his damages and benefits. We think a cause of action is stated in this count, not necessarily for the damages itemized and claimed by the pleader, but for the regular measure of damages occasioned by a change of grade. If the plaintiff recovers for an unlawful taking of his private property, such damages cannot be duplicated under this count. If the vault or excavated area under the sidewalk was in the street, plaintiff cannot recover such damages as if it were his private property, but the vault is to be treated as any other convenience of a temporary character which he was rightfully enjoying and had the right to enjoy until such time as the city, representing the state in its paramount right to the use of the street, should by proper ordinance or resolution terminate his right of enjoyment. Such right is not terminated by an unlawful change of grade, and because of an unlawful change of grade he is entitled to damages caused thereby so far as his property with its lawful appurtenances is diminished in value by such change and

after due allowance for benefits. This states a good cause of action for a reassessment.

3. The third attempted cause of action rests upon a detailed statement of a contract between the city and one Vogel made on December 4, 1908, for the building of a bascule bridge across the Milwaukee river, and another contract between the city and another person made on November 26, 1909, for the building of a concrete tunnel under said river. Each of these contracts prescribed a time for completion of the work and a per diem penalty for delay. The contractors did not finish in time, but incumbered the street with tools, men, engines, sheds, wagons, and appliances for a long time, thus preventing plaintiff from using the street and the bridge and impairing or preventing access to his premises, etc., and the city did not enforce the penalty in the contract or compel the contractors to complete the work, but permitted the delay. From this it appears that the work contracted for was in pursuance of the public powers of the city and within its authority. The alleged damages were caused by the contractors, not by the city. There is no sufficient averment of negligence on the part of the city, and the omission to enforce the penalty of the contract or to compel the contractors to proceed is not actionable in the plaintiff's behalf. The city has a discretionary power in such matters. The averment of the complaint in this particular is: "that said department of public works has not compelled said contractors to complete their several contracts within the time specified in the said contract, thereby allowing the nuisance caused as above to continue for a longer time than was necessary; that the plaintiff suffered damages by reason of the breaches of the said contracts as hereinbefore set forth in an amount of not less than two thousand dollars ($2,000)."

This fails to state any cause of action in favor of the plaintiff and against the city. *Kuehn v. Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Sampson v. Boston,* 161 Mass.

288, 37 N. E. 177; *Harper v. Milwaukee,* 30 Wis. 365; *Erie v. Caulkins,* 85 Pa. St. 247.

There being two good causes of action in the complaint, the demurrers were properly overruled.

*By the Court.*—Order affirmed.