Tom O. Mason Company, Appellant, vs. Lindquist, Sheriff, imp., Respondent.

*October 8—November 5, 1929.*

The cause was submitted for the appellant on the brief of *Claude Doyle* of Cumberland, and for the respondent on that of *Coe Brothers* of Barron.

FRITZ, J. In so far as plaintiff has replied to the allegations of new matter set up by way of justification in Lindquist's answer, and in combination with that reply has also demurred to those allegations, plaintiff's mode of pleading is irregular, and its pleading would have been subject to a motion to strike out, if made in due time. *Burnham v. Milwaukee*, 155 Wis. 90, 143 N. W. 1067.

Lindquist's answer is not a cross-complaint or counterclaim. It is not designated as such in his pleading, and he does not ask for any specific affirmative relief. His counsel concedes that "probably only his codefendant could do that, and she has not been served." As Lindquist is not attempting to obtain affirmative relief, as in a creditor's bill, there is no basis for plaintiff's first ground for demurrer that Lindquist did not have legal capacity to maintain a cross-complaint or counterclaim for such affirmative relief. Likewise, under the present state of the pleadings, there is no occasion for the second ground for demurrer, viz. that if Lindquist could maintain such a counterclaim there would be a defect of parties, in that Tom O. Mason should be joined as a party.

The third and fourth grounds for demurrer present, as stated by plaintiff's counsel, "the question as to whether

the sheriff, acting under an execution against Mason, can interpose such answer."

Sec. 242.09, Stats., provides:

"(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser, (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (b) Disregard the conveyance and attach or levy execution upon the property conveyed."

In view of that section, when a debtor has conveyed land by deed which is fraudulent and void as to creditors, a judgment creditor can "obtain a lien on such land by issuing an execution and causing a levy upon the land thereunder to be made, in which case equity jurisdiction may be used to remove the impediment, consisting of the fraudulent transfer, to an advantageous execution sale of the property." *Hyman v. Landry,* 135 Wis. 598, 601, 116 N. W. 236.

If, as charged in Lindquist's answer, Mason's deed to plaintiff is fraudulent and void as to Poust, and plaintiff is not a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, then Poust as a judgment creditor could, under the last clause of sec. 242.09, "disregard the conveyance and attach or levy execution upon the property conveyed," and thus obtain a valid lien thereon. Likewise, Lindquist, having acted for and on behalf of Poust and as her representative in making the levy pursuant to the execution issued on her judgment, could by way of justification allege and prove that plaintiff's title was fraudulent and void as against Poust and other creditors of Mason. *Cotton v. Reed,* 2 Wis. 458; *Roys v. Lull,* 9 Wis. 324; *Frisbee v. Langworthy,* 11 Wis. 375; *Bogert v. Phelps,* 14 Wis. 88; *Blakeslee v. Rossman,* 44 Wis. 553; *Bean v. Loftus,* 48 Wis. 371, 4 N. W. 334; *Williams v. Morgan,* 50 Wis. 548, 7 N. W. 541; *Welcome v. Mitchell,* 81 Wis.

566, 51 N. W. 1080; *Evans v. Williams,* 82 Wis. 666, 53 N. W. 32.

Consequently, the facts alleged by Lindquist in justification of his levy constitute a defense which he can assert. The trial court properly overruled plaintiff's demurrer.

*By the Court.*—Order affirmed.