70  593
79  319

70       593
59 LRA   84n

CLARK, Appellant, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*January 16 — January 31, 1888.*

*Public nuisance: Obstruction of navigation: Special damage.*

A complaint alleging that the defendant maintains a bridge over a navigable river, entirely obstructing the navigation thereof, and that the plaintiff desires to pass along the river at that point almost

daily in his steam yacht, and to transport passengers and freight up and down the river, but is prevented by the bridge from doing so unless he takes a circuitous route,— does not state a cause of action, because (1) it does not show that the plaintiff suffers special damage peculiar to himself, and (2) the damages alleged rest entirely in contemplation.

APPEAL from the Circuit Court for *Winnebago* County.

This action was brought to recover damages suffered by the plaintiff by reason of an alleged nuisance maintained by the defendant company, and for the abatement of such nuisance. The case is here on an appeal by the plaintiff from an order sustaining a general demurrer to the complaint.

. It is alleged in the complaint that the defendant erected, and for the last six years has maintained, a railroad bridge in the city of Menasha, across the natural channel and bed of Fox river (which is a navigable stream), thereby entirely obstructing and preventing the navigation of the river; that there is a large amount of freight to be carried between the cities of Neenah and Appleton, in this state, and other points below the bridge, on the river, which would naturally be carried on boats by way of the river were not the passage thereof prevented by the bridge; and that the plaintiff is a citizen of, and a freeholder in, this state, and a resident of the city of Neenah. It is then alleged in the complaint as follows:

"*Seventh.* That this plaintiff is compelled, in the prosecution of his business, to pass almost daily from the city of Neenah to the city of Appleton. That during the season of navigation upon said Fox river, which commences about the 1st of April, and closes about the middle of November, in each year, this plaintiff would pass by steamboat between Neenah and Appleton, by way of said river, if said river were not obstructed by the bridge of defendant before mentioned. That this plaintiff is the owner of a steam pas-

senger boat, or steam yacht, named 'Theresa,' by which he would pass almost daily from Neenah to Appleton, carrying himself and other passengers from the city of Neenah to the city of Appleton, and from the city of Appleton to the city of Neenah, if he were not prevented from so passing by the said bridge of the defendant. That by and on account of said bridge this plaintiff is prevented from going himself in his said steamboat and carrying other passengers from the city of Neenah by way of said river to the city of Appleton, unless the plaintiff goes out of his way and by a circuitous route by which the distance from the city of Neenah to the city of Appleton is increased about four miles, and by which route this plaintiff is delayed in the passage by passing a lock in the government canal.

"*Eighth.* That this plaintiff, in carrying on his business as a manufacturer, is largely interested in the carrying of freight up and down the Fox river, which freight would pass the said river at the point where said bridge is built, if the river were not obstructed by said bridge; but which freight, on account of the obstruction of said bridge, has to be carried about four miles further than it otherwise would be carried, or it has to be carried by railroad at a much greater expense than it otherwise would be carried by water."

The refusal of the defendant to remove the bridge, as requested, and the plaintiff's damages, are alleged. Judgment is demanded for the abatement of the nuisance, and for such damages.

*Moses Hooper*, for the appellant, contended that this bridge does not turn the community at large out of its course four miles daily, or prevent their passage from their residence to their business daily by their lawful and chosen route. Members of the community in general do not own and run steamboats, nor are they engaged as such manufacturers so that they are largely interested in carrying

freight which would pass defendant's bridge. The plaintiff sustains such special damage as to entitle him to have the nuisance abated at his special instance. *Barnes v. Racine*, 4 Wis. 454, 466; *Enos v. Hamilton*, 27 id. 256; *Walker v. Shepardson*, 2 id. 384, 396; *Wisconsin R. Imp. Co. v. Lyons*, 30 id. 61; *Greene v. Nunnemacher*, 36 id. 50, 57, 58; *Williams v. Smith*, 22 id. 594, 600, 601; *Pennoyer v. Allen*, 56 id. 502; *Francis v. Schoellkopf*, 53 N. Y. 152. One whose special damage arises after the erection of a nuisance can maintain an action to abate the same. *Douglass v. State*, 4 Wis. 387, 391, 392; *Lohmiller v. Indian Ford W. P. Co.* 51 id. 683, 690; *Commonwealth v. Upton*, 6 Gray, 473; *Poitstown Gas Co. v. Murphy*, 39 Pa. St. 257. The statute of limitations never runs to sustain a nuisance. *Veazie v. Dwinel*, 50 Me. 479, 491; *Knox v. Chaloner*, 42 id. 150, 156; *Mills v. Hall*, 9 Wend. 315; *People v. Cunningham*, 1 Denio, 524; *Commonwealth v. Upton*, 6 Gray, 473; *Rhodes v. Whitehead*, 27 Tex. 304, 316; *Arundel v. M'Culloch*, 10 Mass. 70. The plaintiff might, if his boat were strong enough, run through and break the bridge and so abate the nuisance. *Selman v. Wolfe*, 27 Tex. 68, 73; *Arundel v. M'Culloch*, 10 Mass. 70; *State v. Parrott*, 71 N. C. 311; *Hopkins v. Crawbie*, 4 N. H. 520, 526. Travel for pleasure and recreation is as much under the protection of the law as travel for business and pecuniary gain. *West Roxbury v. Stoddard*, 7 Allen, 158, 171; *Attorney Gen. v. Woods*, 108 Mass. 437, 438; Angel on Water-courses, § 544, note 2.

For the respondent there were briefs by *Jenkins, Winkler & Smith*, and oral argument by *F. C. Winkler*. They argued, *inter alia*, that special injury must be averred and proved. *Carpenter v. Mann*, 17 Wis. 155; secs. 3180, 3181, R. S. It must appear that plaintiff attempted to pass with his boat, and was obstructed in fact when he attempted to pass. *Hall v. Kitson*, 3 Pin. 296. The damage suffered by plaintiff must be different not merely in degree

but in kind from that suffered in common. *Houck v. Wachter*, 34 Md. 265. And he must show that he has suffered *actual* damage peculiar to himself. *Greene v. Nunnemacher*, 36 Wis. 50, 55; *Fall River Iron Works v. O. C. & F. R. R. Co.* 5 Allen, 221; *Stetson v. Faxon*, 19 Pick. 147; *Enos v. Hamilton*, 27 Wis. 256. The complaint does not show that the plaintiff has actually been put to any expense whatever by reason of the obstruction, or that, so far as freight is concerned he has suffered any injury that is peculiar to himself and not common to the public. By common injury is meant an injury of the same kind and character, and such as naturally and necessarily arises from a common cause, but not necessarily similar in degree or equal in amount. Wood on Nuis. § 642; *Carpenter v. Mann*, 17 Wis. 155; *Houck v. Wachter*, 34 Md. 265; *Winterbottom v. Derby*, L. R. 2 Exch. 316.

LYON, J. One who sustains special damage peculiar to himself, either in person or in property, from a public nuisance, whether such damage be direct or consequential, may recover the same of the person or corporation creating or maintaining such nuisance. But it is essential to a recovery in such case that the plaintiff prove the damages are special to himself; that is, that they result from an injury of a different character from the injury suffered by the rest of the public, and not a part of the common injury caused by the nuisance. "It is not enough," says Mr. Wood, in his treatise on Nuisance, "that he has sustained more damage than another; it must be of a different character, special and apart from that which the public in general sustains, and not such as is common to every person who exercises the right that is injured." The above proposition is well-settled law. See Wood on Nuis. § 646, and cases cited in notes.

It is sometimes difficult to determine, under the above rule, whether an alleged injury to an individual, caused by

a common nuisance, is or is not of a kind that gives him a private action to recover damages therefor. To aid in determining that question, other rules have been laid down by the courts and text writers, one of which is that a distinction must be made between actual present damages and those which rest in contemplation. While in a proper case the former may be recovered in a private action, the latter cannot. Wood on Nuis. § 659. A man may desire to do any given thing, and may be able to show that he would have saved a certain sum of money could he have performed the desired act. In one sense he has suffered damage because of such inability. This, however, is purely contemplative damage. But when he endeavors to do an act and fails, and suffers loss thereby, this may be actual, present damage, within the above rule. Under this rule, a mere obstruction to a highway on which a person desires to travel, but who makes no attempt to do so, although it exposes him to inconvenience and loss, is not ground for a private action for damages. Such damages rest in contemplation, within the meaning of the rule.

It is believed that every case in this court in which private actions for damages resulting from common nuisances, or for injunctions to restrain their erection, have been sustained, comes fairly within the rule first above stated, and that none of them trench upon the rule last stated; that is to say, in each case actual, present damages, special and peculiar to the plaintiff, were proved. Thus the alleged nuisance in *Walker v. Shepardson,* 2 Wis. 384, greatly impaired the value and lawful use by the complainant of his wharf. In *Barnes v. Racine,* 4 Wis. 454, it interfered with the convenient use of the plaintiff's lots, wharfs, ship-yards, and mills, and impaired their value. In *Williams v. Smith,* 22 Wis. 594, it cut off (or would have done so) the only way of access to the premises of plaintiffs. In *Enos v. Hamilton,* 27 Wis. 256, it shut off access to plaintiff's mill, and de-

prived him of the use thereof, and prevented him from seasonably stocking it for future work. In *Wis. River Imp. Co. v. Lyons*, 30 Wis. 61, it caused a loss to the plaintiff of $600 in tolls. In *Greene v. Nunnemacher*, 36 Wis. 50, it drove customers from the plaintiff's saloon and tavern, diminished his profits, and injured the health of himself and family. And in *Gates v. N. P. R. Co.* 64 Wis. 64, it stopped or delayed the boats and rafts of the plaintiff in their actual passage down a navigable river, to his great damage.

The complaint in this action contains no averments bringing it within either of the above cases, nor, it is believed, within any other case ever decided by this court. The complaint herein alleges that the plaintiff owns a steam-yacht, upon which he desires to travel daily and carry passengers between Neenah and Appleton; that in his business of a manufacturer he is largely interested in transporting freight up and down the Fox river, past the point where defendant's bridge is located, and would transport such freight by river but for the bridge; but now, boat, passengers, and freight have to take a circuitous route by reason of the bridge. The complaint fails to state where the plaintiff's business is carried on, or that he owns any property affected by the alleged nuisance, or that he has ever made any attempt to pass the bridge, or that he has any riparian rights affected by it. The whole substance of the complaint is that the plaintiff desires to navigate the Fox river where the bridge stands, with his yacht, and to transport passengers and freight up and down the river at that point, but cannot do so because of the bridge, and is compelled to take a longer route to reach desired points. If there is any element of special damage alleged in the complaint — damage not suffered by the whole public who navigate or may desire to navigate Fox river between the same points — we have failed to discover it. Moreover, the damages alleged rest entirely in contemplation, within the rule above stated.

We are satisfied that the complaint fails to state a cause of action for private damages, and hence that the circuit court properly sustained the demurrer thereto.

*By the Court.*— Order affirmed.

See note to this case in 36 N. W. Rep. 329.— REP.

