Zettel vs. The City of West Bend.

---

ZETTEL, Appellant, vs. THE CITY OF WEST BEND, Respondent.

*March 2 — March 17, 1891.*

*Public nuisance: Private action for injury by.*

To sustain a private action for injuries caused by a public nuisance, the injuries done to the plaintiff must be different, not merely in degree, but also in kind, from those done to the public. A complaint against a city for injuries caused by its obstructing a street, which only shows that by reason thereof the plaintiff, in going to and from his fruit garden, is compelled to pursue a less direct and more difficult route than before, does not state a cause of action.

APPEAL from the Circuit Court for *Washington* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the complaint that the plaintiff owns lot

4, block 8, of the original plat of the city of West Bend, and occupies the same as a homestead and residence, and that the same fronts the east, towards River street, running north and south, and one of the principal streets of the city; that south of that block is Hickory street, running east and west; that north of that block is Elm street, eighty feet wide, running east and west; that one block north of Elm street is Cedar street, running east and west; that the second street west of the block on which the plaintiff resides is Fond du Lac street, running north and south; that the next street west of that is Elizabeth street, only fifty feet wide, running north and south; that the next street west of that is West street, only forty feet wide, running north and south, and very poor and difficult to travel, and constituting the western limits of the city; that immediately west of the west end of Elm street, and for a distance of 328 feet on West street, the plaintiff owns four acres of land, with an orchard, fruit-trees, garden crops, grain, and vegetables thereon, and of the value of $1,000; that on or about June 23, 1889, the defendant aided and permitted school district No. 1 of said city to erect and maintain a large public school building entirely across that portion of Elm street immediately west of the west line of said Fond du Lac street, at a cost to said district of $15,000, and the same is now standing in and entirely obstructing said Elm street; that by reason of said obstruction the plaintiff is compelled, in going from his said residence to his said garden, to go south by way of Hickory and Elizabeth or West street, or from said residence north by way of Cedar and Elizabeth or West street to said garden; and that in hauling produce and other matter he was compelled to make said trips with horse and wagon almost daily; and that the value of his said garden had been thereby greatly reduced. By reason of such facts the plaintiff prayed judgment for $500 damages.

To that complaint the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action. From the order sustaining that demurrer the plaintiff brings this appeal.

*P. O'Meara,* for the appellant, argued that the complaint shows that plaintiff sustains a special damage from the obstruction of the street, and not mere delay, such as is common to the public. Such street is of special importance to him, as furnishing almost the only available way for entering and leaving his premises. Wood, Nuis. secs. 621, 623, 626; *Farrelly v. Cincinnati,* 2 Disn. (Ohio), 516; *Brown v. Watrous,* 47 Me. 161; *Blanc v. Klumpka,* 29 Cal. 156; *Miller v. Schenck,* 78 Iowa, 372; *Park v. C. & S. W. R. Co.* 43 Iowa, 636; *Pierce v. Dart,* 7 Cow. 609; *Lansing v. Smith,* 21 Am. Dec. 89; *Mulhan v. Sharp,* 84 id. 314; *Wesson v. Washburn Iron Co.* 90 id. 181; *Pettibone v. Hamilton,* 40 Wis. 402. If the obstruction was created with an honest view to some lawful public benefit, reason and justice require that the city should make good the private damage caused thereby. *Thayer v. Boston,* 31 Am. Dec. 157; *Smith v. Gould,* 61 Wis. 31; *Stetson v. Faxton,* 31 Am. Dec. 123, and cases in note. The city could not lawfully discontinue the street without paying consequent damages.

For the respondent there was a brief by *Barney & Kuechenmeister,* and oral argument by *S. S. Barney.* To the point that the special damage to plaintiff must be different in kind as well as in degree from that to the public, they cited numerous cases.

CASSODAY, J. The *gravamen* of the complaint is that by reason of the construction of the school-house in Elm street, between Fond du Lac and Elizabeth streets, the plaintiff has been compelled, in driving to and from his garden, to take a more inconvenient and circuitous route, to his dam-

age.  This is on the theory that the plaintiff has sustained special injury by reason of a public nuisance.  The portion of Elm street obstructed by the school-house is more than a block distant from each of the pieces of land owned by the plaintiff.  The law applicable is well stated in one of the cases cited by the learned counsel for the plaintiff, by SHAW, C. J., in these words: "It is a well-settled rule of law that, if an individual suffer special damage by any unlawful act in obstructing a highway, he shall have his action, although the party doing the act is liable to an indictment. But without such damage, although the act is unlawful, and although more injurious to one proprietor on account of his proximity to the highway than another, still he cannot have an action, because actions would thereby be multiplied indefinitely; but the offender shall be prosecuted by indictment, by which the offense shall be punished and the wrong redressed once for all.  What is special damage to sustain the *per quod*, and enable one to have his several action for an injury common to the whole community, is often a difficult question.  It seems to be settled by authorities that it must be something *not merely differing in degree, but in kind*, from that which must be deemed common to all." *Thayer v. Boston*, 19 Pick. 514; *S. C.* 31 Am. Dec. 159.  The same distinction is pointed out and fully considered by Mr. Justice LYON in *Clark v. C. & N. W. R. Co.* 70 Wis. 597.  In order to recover, it is essential that the plaintiff allege and prove, as there said by Mr. Justice LYON, that "the damages are special to himself; that is, that they result from an injury of a *different* character from the injury suffered by the rest of the public, and not a part of the common injury caused by the nuisance."  In that case it was held that the allegation to the effect that, in transporting passengers and freight up and down the river, the plaintiff was almost daily compelled to take a more distant and circuitous route with his steam-yacht, by

reason of the bridge having been constructed by the defendant, did not state a cause of action. The same rule has been applied to the alteration and discontinuance of a portion of a highway. *State ex rel. Board v. Barton*, 36 Minn. 145; *State ex rel. Williams v. Holman*, 40 Minn. 369; *School District v. Neil*, 36 Kas. 617. In *Farrelly v. Cincinnati*, 2 Disn. (Ohio), 516, cited by plaintiff's counsel, the question is discussed in a very lengthy and learned opinion by HOADLY, J., and it was there, among other things, held that " a traveler who is forced to abandon his nearest route, by reason of the non-repair of the street, and seeks his destination by a longer and more circuitous road, whereby he suffers injury in his business, does not sustain such a special damage as to entitle him to an action against the party charged with the duty of keeping the way in repair. So, also, in case of an omnibus line, which has lost custom by reason of being unable to pursue its customary route in consequence of the founderous condition of a street. In these cases the damages are not the immediate consequences of the wrong, but are remote." It is manifest from the complaint in the case at bar that the only special damage of the plaintiff alleged is the same in kind, though it may be greater in degree, as would be sustained by any person having occasion to drive from the vicinity of the plaintiff's residence, or the vicinity of the east end of Elm street, to the vicinity of the west end of that street, and *vice versa*. We must hold that the complaint states no cause of action.

*By the Court.*—The order of the circuit court is affirmed.