Baier vs. Schermerhorn.

*By the Court.*— So ordered.

BAIER, Plaintiff in error, vs. SCHERMERHORN, Defendant in error.

*May 6 — May 21, 1897.*

(1) *Writ of error: Adequate remedy by appeal.* (2) *Obstruction of highway: Special injury to individual.*

1. The mere fact that an aggrieved party has been given an adequate remedy by appeal to the supreme court does not deprive him of the right to have the proceedings reviewed by that court on writ of error, under sec. 21, art. I, Const.

2. A private individual does not receive such special injury from the unlawful obstruction of a highway, merely because he does not have any other practicable route by which he can reach his land, as will entitle him to recover therefor from the person responsible for the obstruction.

ERROR to review a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

The facts are stated in the opinion.

For the plaintiff in error there was a brief by *Bleekman, Bloomingdale & Bergh,* and oral argument by *F. H. Bloomingdale.*

*C. L. Hood,* for the defendant in error.

CASSODAY, C. J.    This action was originally commenced in justice's court by *Schermerhorn* for the unlawful obstruction of the public highway described, by *Baier,* December 5, 1894, whereby he was obliged to turn back with his team, to his damage.    *Baier* answered by way of a general denial, and further specifically denied that the *locus in quo* ever was a public highway or any highway whatever, and alleged that at the time mentioned he was the owner and lawfully in possession of said lands and premises, and that at the time mentioned *Schermerhorn* was wrongfully and unlawfully trespassing upon his premises.    Upon such plea of title the cause was, under the statute, duly certified to the circuit court, where it was tried, and at the close of the trial the jury returned a special verdict to the effect that the road in question had been used and worked as a public highway through and across the land of *Baier* continuously for the period of ten years immediately prior to December 5, 1894, and was laid out by the supervisors, and the order laying out the same was recorded November 5, 1860; that that part of the road at the gate in question was thereafter opened and worked for the term of three years; that the road at the gate in question was opened, traveled, or worked within four

years after it was so laid out by the supervisors; that after
that period it was worked and opened up to the present time;
that the highway in question across the premises of *Baier*
was not entirely abandoned as a route of public travel, and
no highway tax expended thereon, during a period of five
years, at any time since it was so laid out, and prior to De-
cember 5, 1894; that *Schermerhorn* did not have a practica-
ble route, by which he could reach his land in question, other-
wise than by going through or across the land of *Baier;* that
*Schermerhorn* sustained special damage in December, 1894,
different in character from that sustained by the public in
general, by reason of the maintaining of the gate in front
of *Baier's* house, and assessed such damage at $1; and that
they found for *Schermerhorn.* Thereupon judgment was
entered upon such special verdict in favor of *Schermerhorn*
accordingly, to reverse which *Baier* sues out this writ of
error.

We cannot dismiss this writ of error merely because *Baier*
had another remedy, by appeal and certificate of the trial
judge, under ch. 215, Laws of 1895. Counsel gives no other
reason. The two remedies are distinct from each other.
*Bumbalek v. Peehl,* 95 Wis. 127. As there indicated, unless
the common law or some statute at the time of the adoption
of the constitution precluded such writ in a case like this,
the aggrieved party is entitled to the writ as a matter of
right. *Id.* Const. art. I, sec. 21. Counsel has cited no au-
thority to that effect, and, with the limited time at our com-
mand, we have found none that is satisfactory.

The particular acts of *Baier,* complained of, consisted in
maintaining a fence, with a gate in it, across the alleged
highway, on his own land, and also in placing a log in such
highway, on his own land, near the same place. If there
was in fact a public highway where such obstructions were
located, then *Schermerhorn,* or any other traveler upon such
highway, had the legal right to abate or remove the same in

order that he might proceed as such traveler. But such right of abatement or removal did not necessarily give a right of action against *Baier* for so placing or maintaining such obstructions. There is no pretense that any injury was inflicted upon *Schermerhorn* personally, or upon his property or rights of property, by reason of such obstructions. "Mere delay in a journey, or being turned aside and compelled to take a circuitous route, or mere loss of a journey, by reason of an obstruction, unattended by any special damage, is not sufficient to support an action, because it is a part of the common injury, and similar to that borne by all who attempt to pass." 2 Wood, Nuisances (3d ed.), § 701; *Burrows v. Pixley*, 1 Am. Dec. 56, and note; *State v. Hunter*, 44 Am. Dec. 41; *Low v. Knowlton*, 45 Am. Dec. 100.

The rule stated is in strict harmony with the repeated rulings of this court. *Zettel v. West Bend*, 79 Wis. 316; *Evans v. C., St. P., M. & O. R. Co.* 86 Wis. 603; *Mahler v. Brumder*, 92 Wis. 483. In the first of these cases it was held that "to sustain a private action for injuries caused by a public nuisance, the injuries done to the plaintiff must be different, not merely in degree, but also in kind, from those done to the public." True, there is a finding of the jury to the effect that *Schermerhorn* sustained special damage, "differing in character from that sustained by the public in general, by reason of the" maintenance of the gate. But it is manifest from the undisputed evidence that such special damage so found is too remote to be the foundation of an action. It is like the Ohio case [*Farrelly v. Cincinnati*, 2 Disney, 516] mentioned in *Zettel v. West Bend*, wherein it was held that: "A traveler who is forced to abandon his nearest route by reason of the nonrepair of the street, and seeks his destination by a longer and more circuitous road, whereby he suffers injury in his business, does not sustain such a special damage as to entitle him to an action against the party charged with the duty of keeping the way in repair. So, also, in case of an omnibus line which has

lost custom by reason of being unable to pursue its customary route, in consequence of the founderous condition of a street. In these cases the damages are not the immediate consequence of the wrong, but are remote."

It is undisputed that the fence, with the gate in question, had been maintained from twelve to twenty years. Such maintenance during that time was a continued assertion that the roadway mentioned was not a public highway, but at most a private way. If it was desirable that the same should be maintained as a public highway, then it was the duty of the public officials to keep the same free from such obstructions; but it was not for *Schermerhorn*, as a private individual, to vicariously assume the performance of such duty.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.