LAKESIDE LUMBER COMPANY, Appellant, vs. JACOBS,
Respondent.

*December 13, 1907—January 8, 1908.*

*Municipal corporations: Authority to devote municipal property to
private use: Injunction.*

1. In holding and owning real estate for public use the authorities
   of a municipality act as trustees for the public, and as such
   trustees, in exercising the public functions of the municipality,
   they can only deal with public property by devoting it to public
   use.
2. Such restriction upon the power of municipal authorities forbids
   them from conferring upon any one, for his private use or
   benefit, any right in or to any property of the municipality
   which is entirely unrelated to any of its governmental func-
   tions.
3. Any grant by a municipality attempting to confer on private
   persons any interest or right in public property amounts to a
   diversion of such property from its rightful use and is unau-
   thorized and unlawful.
4. The action of a municipality in attempting to grant a right to
   a private person to lay and maintain a steam pipe across a lot
   owned by the municipality attempts to confer a right in the
   nature of an easement and to devote the lot to a merely private
   purpose wholly unrelated to any municipal purpose and is void.
5. In such case the grantee of the municipality cannot enjoin one
   who hinders and delays such grantee in laying a steam pipe
   across the lot.

APPEAL from a judgment of the circuit court for Wash-
burn county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an action to enjoin the defendant from hindering
and delaying the plaintiff in laying a steam pipe across a lot

occupied by the defendant but owned by the town of Shell Lake, Washburn county. The facts of the case showing defendant's right to possession of the lot in question are stated in the case of *Jacobs v. Lakeside L. Co., ante,* p. 179, 114 N. W. 443, which was an appeal to this court from a judgment against the defendant therein and which was tried on practically the same evidence as this suit. That and this case were submitted in this court on the same printed case, briefs, and arguments and they are decided together. As appears from the statement of facts in that case, the town board of the town of Shell Lake passed a resolution on September 11, 1905, providing "that the *Lakeside Lumber Company* be permitted to lay a steam pipe across the town lot occupied by the town pumping station, . . . said pipe to lay at least three feet under ground and not in any way to interfere with the town property. The town reserves the right to take up said steam pipe if at any time it would become necessary to use the ground for any other purpose." The defendant stopped the plaintiff from laying such pipe, claiming that plaintiff had acquired no right to lay it under the resolution of the town board. The court held that plaintiff had acquired no right to lay the steam pipe across the town lot and that it was wrongfully upon the premises when it attempted to do so, and that it had shown no ground for an injunction to restrain defendant from hindering and preventing it from laying this pipe. From a judgment dismissing its complaint and for costs plaintiff appeals.

The cause was submitted for the appellant on the brief of *W. N. Fuller.*

*A. L. Bugbee,* for the respondent.

SIEBECKER, J. The plaintiff's right to relief restraining defendant from hindering and preventing it from laying a steam pipe across the lot of the town is based on the resolution of the town board of September 11, 1905, granting it

permission "to lay a steam pipe across the town lot, . . .
said pipe to lay at least three feet under ground and not in
any way to interfere with the town property. The town re-
serves the right to take up said steam pipe if at any time it
would become necessary to use the ground for any other pur-
pose." The court held that this action of the town conferred
no rights on the plaintiff, that it was therefore a trespasser on
the lot at such time, and hence that it possessed no rights the
defendant could invade by hindering and preventing it from
laying the pipe. Plaintiff's right to enter the premises and
lay this pipe rests wholly on this resolution of the town board.
Among the powers of village boards enumerated in sec. 893,
ch. 40, Stats. (1898), and conferred by the electors on the
town, is the power: "To receive, purchase and hold for the
use of the [town] village any estate, real and personal, and
to sell and convey the same." The authority of the town
board to contract with the defendant for the operation of the
water and light plant and the regularity of the proceedings of
the electors and of the town board in constructing and main-
taining it need not be considered or determined upon this ap-
peal. Whether plaintiff has the right to maintain this action
must be determined by the provisions of the resolution of the
board under which it asserts the right to lay the steam pipe
across the lot of the town on which is located the water and
light plant. Concededly this pipe was to be laid to serve
plaintiff's private interest and purpose. It was in no way
connected with the operation of the town's enterprises. The
question is whether the town board had any power to confer
on plaintiff the right to use this public property for such pri-
vate purpose.

The power of village boards to hold and own real estate
for public uses confers no power to apply it to any purposes
other than public purposes. Under such a power it acts as
trustee for the public, and as such trustee, in exercising the
public functions of the town, it can only deal with public

property by devoting it to public uses. Such restriction of the power forbids the town board from conferring on persons for their private use and benefit any right in or to any property of the town which is entirely unrelated to any of the governmental functions of the town. Any grant of the town board attempting to confer on private persons any interest or right in public property amounts to a diversion of such property from its rightful use and is unauthorized and unlawful. 2 Abbott, Mun. Corp. § 815; *Att'y Gen. v. Eau Claire,* 37 Wis. 400. The action of the town board in attempting to grant plaintiff a right to lay its steam pipe across the town lot seeks to confer on plaintiff the right to devote this property to a merely private use wholly unrelated to any public town purposes. The resolution in terms grants a right in the nature of an easement to plaintiff. Such a grant is beyond the power of the board, hence void, and under it the plaintiff acquired no right to enter upon the lot to dig the trench and lay the pipe. From this it necessarily follows that the attempt of the plaintiff and its agents to do this is unauthorized, and that it has failed to establish a ground for the enforcement of its claim to occupy and use the lot for this purpose. The trial court properly awarded judgment dismissing the complaint.

*By the Court.*—Judgment affirmed.