## CITY OF McALESTER v. McMURRAY.

No. 1411. Opinion Filed May 31, 1910.

(109 Pac. 838.)

MUNICIPAL CORPORATIONS—Street Improvements — Damages— Remedies of Owner—Injunction. The powers of equity may not be generally invoked by an abutting lot owner to restrain a municipality from making upon a street previously dedicated to public use public improvements, such as paving, until such abutting owner has first been compensated for such consequential damages as may result from the establishment of a grade.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by J. F. McMurray against the City of McAlester. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*George M. Porter* and *W. H. Fuller,* for plaintiff in error.
*Lester & Hammond,* for defendant in error.
*D. C. Westenhaven, amicus curiae.*

WILLIAMS, J.   In the spring of 1909 the city of McAlester, by its mayor and councilmen, proceeded by proper resolution under the paving act in force in this state to improve Adams avenue in said city by paving, grading, curbing, guttering, draining, and otherwise improving said street, together with other streets comprising the district, and had at the commencement of this action let the contract of this improvement to the Cleveland Trinidad Paving Company.   On the 1st day of July, 1908, the defendant in error filed his petition in the office of the clerk of the district court of Pittsburg county, state of Oklahoma, alleging:   That he was the owner of lots 7 and 8, in block No. 273, fronting upon said avenue, and that the grading of said street in front of his property from its present grade (natural grade) to a depth of seven feet would cause and operate to the great and irreparable damage of said property. That the plaintiff in error (City of McAlester) had failed to compensate him in advance for the damages resulting to his property by reason of the making of the improvement.   That he had never agreed with the city to make such grade, and that the making of the same would disarrange and cause a readjustment of his driveway, rock wall, or fence, cement driveways, stone walks, and the destruction of certain ornamental shade trees and shrubbery.   That the making of said cut could be avoided, and thereby not materially injure the plaintiff's property, by making the grade less and by constructing a storm sewer to carry away the water collecting on said street.

A temporary injunction restraining the plaintiff in error, its agents and officers, from grading said streets, and further a permanent injunction so restraining the plaintiff in error until the plaintiff in error should ascertain and pay to the defendant in error all damage that he might sustain in the making of such improvements, was prayed for.   On July 2, 1909, plaintiff in error answered, setting up the fact that said grading was necessary, and admitting that compensation had not been paid, but alleged that defendant had an adequate remedy at law for any injury he might sustain for said improvement.   At the same time defendant in

error demurred to said answer, which was sustained, and thereupon a temporary injunction was granted as prayed for· On January 31, 1910, by agreement, plaintiff in error withdrew its answer and demurred to the petition of defendant in error, the court overruling the same. Thereupon, plaintiff in error refusing to plead further, and electing to stand upon the demurrer, the court entered its order making said injunction permanent. An appeal has been duly prosecuted to this court, and the following questions are presented for determination:

(1) Is the consequential injury resulting from the original establishment of a grade the taking or damaging of property for public use without the consent of the owner for which protection is accorded by section 24, art. 2, of the Constitution of the state?

(2) If the alleged damage is such as under the Constitution of the state entitled the abutting owner to compensation, should an injunction have been granted or the owner remitted to his action at law for damages?

1. In view of the conclusion hereinafter reached, it is not essential to determine whether an abutting owner is entitled to recover consequential damages resulting from the first establishment of a grade.

2. The second question herein raised is concluded by the decision in the case of *H. S. Edwards v. J. N. Thrash et al., infra,* 109 Pac. 832, wherein it was held that the jurisdiction of equity may not be generally invoked by an abutting lot owner to restrain a municipality from making upon a street previously dedicated to public use public improvements, such as paving and the construction of sidewalks, until such abutting owner has been first compensated for any consequential damages arising solely from the change of a grade previously established.

It follows that the judgment of the lower court is reversed and this cause remanded, with instructions to set aside the order overruling the demurrer to the petition and to sustain the same.

All the Justices concur.