CLOUGH v. CITY OF SULPHUR *et al.*

No. 3546.   Opinion Filed May 12, 1914.

(140 Pac. 1155.)

1.   **MUNICIPAL CORPORATIONS** — Sidewalk Obstruction — Injunction—Individual Right to Sue.   When an obstruction merely affects an individual's right, in common with the public, to pass over a sidewalk, the individual suffers no injury different in kind from the public, and has no private right of action.

2.   **SAME**—Private Individual—Special Injury.   A private person, invoking the aid of equity to restrain a public improvement alleged to be an obstruction, must allege some special injury peculiar to herself, aside from, and independent of, the general injury to the public.

3. **SAME**—Inconvenience. The mere fact that the obstruction in the sidewalk would inconvenience the plaintiff in going to and from her home to other parts of the city does not constitute such a special damage as to entitle her to maintain injunction.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Suit by Mary Clough against the City of Sulphur, Okla., and Georgia Ward. Judgment for defendants, and plaintiff brings error. Affirmed.

This is an action to enjoin the defendants from constructing a cement sidewalk in front of lot 4, in block 42, of Sulphur, Okla. The grounds relied on for the injunction are: That the city had established a grade in front of lots 4 and 5, in said block; that the plaintiff had constructed a cement sidewalk in front of lot 5, on the grade so established; that after the construction of said sidewalk by the plaintiff, the defendant Georgia Ward refused to construct a sidewalk in front of lot 4, in said block, on the grade so established, and that, because of such refusal, said grade was by the city changed; that, if the defendant be permitted to construct a cement sidewalk on the new grade, the step or drop caused thereby would be a dangerous obstruction in said sidewalk, making the same impassable, obstructing the passageway to the house and home of plaintiff; and preventing plaintiff and her family from using said sidewalk; that it will greatly depreciate the value of plaintiff's premises, will work a great and irreparable injury and damage thereto; and that said plaintiff has no adequate remedy at law. To these allegations the defendants demurred on the ground that the same failed to state facts sufficient to constitute a cause of action, which demurrer was by the court sustained, and the cause was brought here for review.

*Sam Clough* and *Geo. M. Nicholson,* for plaintiff in error.

*Ira M. Roberts,* for defendants in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). The plaintiff was not entitled to an injunction against the defendants, restraining them from constructing a sidewalk

on the grade so changed, on the ground that the plaintiff would sustain damages as a result of such improvement; plaintiff having an adequate remedy at law for any damages sustained, and there being no special damage or injury alleged in the petition. *Edwards v. Thrash et al.,* 26 Okla. 472, 109 Pac. 832, 138 Am. St. Rep. 975; *Clemens v. Conn. Mutual Life Ins. Co.,* 184 Mo. 46, 82 S. W. 1, 67 L. R. A. 362, 105 Am. St. Rep. 526; *McMahon & Perrin v. St. Louis, Ark. & Texas R. Co.,* 41 La. Ann. 827, 6 South. 640; *Delaware County's Appeal,* 119 Pa. 159, 13 Atl. 62; *Spencer v. Point Pleasant Ohio R. Co.,* 23 W. Va. 406; *Moore v. City of Atlanta,* 70 Ga. 611; *Fleming v. City of Rome,* 130 Ga. 383, 61 S. E. 5; *Gray et al. v. Dallas Terminal R. & Union Depot Co.,* 13 Tex. Civ. App. 158, 36 S. W. 352; *Stetson v. C. & E. R. Co.,* 75 Ill. 74; *City of McAlester v. McMurray,* 26 Okla. 517, 109 Pac. 838.

It will be seen from the allegations of the petition that the obstruction and nuisance asked to be restrained is not a special or peculiar injury to the plaintiff from which equity will relieve. For such obstruction and nuisance alleged to exist the plaintiff has an adequate remedy at law. In order to invoke equity, plaintiff would have to allege that she would suffer some injury from the obstruction or nuisance which is in its nature special or peculiar to her, and different in kind from that to which the public is subjected. To constitute such special injury, there must be an invasion or violation of plaintiff's private rights, as distinguished from that by which the public is injured or damaged. The allegations contained in the petition are that the walk so constructed on the new grade would cause a step or drop of about two feet, which would be a dangerous obstruction and thereby obstruct said sidewalk, making the same impassable, and which would obstruct the passageway to the house and home of plaintiff and prevent her and her family from using said sidewalk. These are not allegations of a special injury peculiar to plaintiff, but such injury, if any, as would be common to the entire public.

It has been said in 2 Elliott on Roads and Streets, sec. 851, that where an unlawful obstruction merely affects an individ-

ual's right, in common with the public, to pass over the highway, the individual suffers no injury different in kind from the public and has no private right of action.

In the case of *Brown v. Florida Chautauqua Ass'n,* 59 Fla. 447, 52 South. 802, it was held:

"If an unlawful obstruction in a public highway merely interferes with the right of passage that is common to all, and no individual rights are specially or peculiarly injured, relief should be had through the proper public authorities."

See, also, *Pedrick v. Raleigh & P. S. R. Co.,* 143 N. C. 485, 55 S. E. 877, 10 L. R. A. (N. S.) 554; *Bischof v. Merchants' Nat. Bank,* 75 Neb. 838, 106 N. W. 996, 5 L. R. A. (N. S.) 486; *Guttery v. Glenn,* 201 Ill. 275, 66 N. E. 305; *Zettel v. West Bend,* 79 Wis. 316, 48 N. W. 379, 24 Am. St. Rep. 715; *Roberts v. S. C. & P. R. Co.,* 73 Neb. 8, 102 N. W. 60, 2 L. R. A. (N. S.) 272, 10 Ann. Cas. 992.

It was said in Joyce on Nuisances, sec. 218:

"In case of a public nuisance affecting the highway, the right of an individual to obtain an injunction is not recognized unless he has suffered some private and material damage or injury differing in kind from that suffered by the public at large. The gist of the action in this class of cases is the private injury, and the plaintiff must allege and prove some special damage different in kind from that suffered in common with the public."

It was held in *Siskiyou L. & M. Co. v. Rostel,* 121 Cal. 511, 53 Pac. 1118, that anything which is an obstruction to a public street or highway constitutes a public nuisance, and a private individual could not maintain an action without alleging that the plaintiff would suffer special injury.

In *McKay v. City of Enid,* 26 Okla. 275, 109 Pac. 520, 30 L. R. A. (N. S.) 1021, it was said:

"An action cannot be maintained by a private person for an interference with or an obstruction in a public highway constituting a public nuisance, unless he is thereby specially injured in some way not common to the public at large."

It is alleged that the lots are in the city of Sulphur, and it necessarily follows that there are other lots and blocks in said city, and that the drop of two feet in the sidewalk would not only injure the plaintiff but would injure other owners of lots

in said neighborhood to the same extent. This case is not one in which the only manner of ingress and egress to the plaintiff's house and home has been obstructed, but the allegation is that the plaintiff and her family cannot use this particular sidewalk on account of such drop of two feet. The mere fact that the obstruction in the sidewalk would inconvenience the plaintiff in going to and from her home to other parts of the city does not constitute such special damage as to entitle her to maintain injunction.

We therefore conclude that the petition does not state facts sufficient to constitute a cause of action, and that the demurrer was properly sustained. The cause should therefore be affirmed.

By the Court: It is so ordered.