WARDEN, Appellant, vs. HART and others, Respondents.

*February 4—February 22, 1916.*

*Municipal corporations: Permitting platform scales in street: Injunction: Rights of taxpayers: Aldermen.*

1. Prior to the enactment of ch. 382, Laws 1913, while a municipality might not grant a right to maintain a platform scales in a street, it might permit a temporary use óf the street for that purpose by an abutting owner where such use did not interfere with the public use for travel or any other lawful public use of the street, such permission being subject to revocation at any time.
2. A resident taxpayer who neither suffered· nor was threatened with any loss or other special or peculiar damage from such temporary use of the street under a permit from the city coun-

cil, had no such interest in the matter as entitled him to main-
tain an action to restrain such use; and the mere fact that he
was an alderman did not add anything to his rights in that re-
spect.

APPEAL from a judgment of the circuit court for Juneau
county: JAMES O'NEILL, Circuit Judge.    Affirmed.

J. T. Dithmar, for the appellant.

For the respondents there was a brief by Henry C. Rowan,
attorney, and Grotophorst, Evans & Thomas, of counsel, and
oral argument by Evan A. Evans.

TIMLIN, J.    The appellant, an alderman of the city of
Elroy and a resident and freeholder and taxpayer therein,
brings this suit to enjoin W. H. Hart and Hugh Campbell from
making an excavation in a public street of that city for the
purpose of constructing a platform scales under permit from
the common council of the city.    He makes the city of Elroy a
party but asks no relief against it.    The answer in substance
avers a permit from the common council of the city of Elroy
to construct in the street a platform scales and a release by
the Chicago & Northwestern Railway Company, which is the
abutting owner, and that the plaintiff had no such interest in
the matter as entitled him to maintain the action.    The find-
ings of the court sustained the answer and also found on suffi-
cient evidence that the platform scales when completed would
not in any wise obstruct public travel upon or the public use of
the street in question.    For some purposes which do not ma-
terially interfere with the public use of the streets a city has
inherent power to permit temporary use of part of the street
by abutting owners or those acting for them, such as deposit
of building material, the use of an excavated area under a
sidewalk, the maintenance of signs, or the like.    The sub-
sidewalk excavation is spoken of in Burnham v. Milwaukee,
155 Wis. 90, 143 N. W. 1067, as a "convenience of a tem-
porary character which" the lotowner "was rightfully enjoy-

ing and had the right to enjoy until such time as the city, representing the state in its paramount right to the use of the street, should by proper ordinance or resolution terminate his right of enjoyment." This species of usufruct is also recognized in *McClure v. Sparta,* 84 Wis. 269, 54 N. W. 337.

In *Emerson v. Babcock,* 66 Iowa, 257, 23 N. W. 656, speaking of a platform scales in the street, the court says:

"If the plaintiff was permitted to maintain his scales in the street for a time, the privilege must be regarded as a mere license which may be terminated at any time, and it is immaterial whether the erection in the street amounts to a nuisance."

That is, it is immaterial as regards the power of the city to have it removed. Ch. 382, Laws of 1913, is prospective in its operation and does not apply in this case. *Lakeside L. Co. v. Jacobs,* 134 Wis. 188, 114 N. W. 446, is not in point because there the parties sought to uphold by action a legal right founded upon a grant which the municipality had no power to make. Here we may assume the municipality has no power to grant the right to maintain a platform scales in the streets. That privilege is not the subject of grant, but the municipality may permit a temporary use by the owner of the street where such use does not interfere with the public use for travel or any other lawful public use of the street, and the permission is subject to revocation at any time at the pleasure of the municipality. It is against this sort of act by the city that the appellant as a taxpayer seeks to maintain the action.

The next question is with reference to his right to do so. Averment and proof that the appellant is a taxpayer gives him no standing in a court of equity to regulate or control municipal affairs except in cases where the administrative act is unlawful and the taxpayer is threatened with or suffers a pecuniary loss in consequence thereof. *Zettel v. West*

*Bend,* 79 Wis. 316, 48 N. W. 379.  A private person cannot maintain an action for damages resulting from the obstruction of a public highway, or a suit in equity to prevent such obstruction, unless it appear that he has sustained damages differing not merely in degree but in kind from the damage sustained by the general public.  *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969; *Baier v. Schermerhorn,* 96 Wis. 372, 71 N. W. 600; *Mahler v. Brumder,* 92 Wis. 477, 66 N. W. 502; *Stone v. Oconomowoc,* 71 Wis. 155, 36 N. W. 829; *Bell v. Platteville,* 71 Wis. 139, 36 N. W. 831.

The mere fact that appellant is an alderman cannot, under the circumstances, add anything to his right to maintain the action.  Aldermen must, generally speaking, govern the city through the regular channels of city government, not by adversary proceedings in the courts.  If appellant's official status as a single alderman were relevant, then his vote as alderman in favor of the permit in question might also be relevant; but neither of these is relevant.  He cannot maintain this action because he suffers no pecuniary loss in consequence of the act sought to be enjoined and because the wrong, if wrong it is, is to the general public and not in the least special or peculiar to the appellant.

*By the Court.*—Judgment affirmed.