Anstee v. Monroe Light & Fuel Co. 171 Wis. 291.

─────────────

Anstee, Respondent, vs. Monroe Light & Fuel Company, Appellant.

*March 12—April 6, 1920.*

*Nuisance: Industrial waste from gas plant: Infiltration of soil: Pollution of well: Action by landowner to abate nuisance and for damages: Parties who may maintain action: Assessment of damages.*

1. An owner of land near a gas plant may bring an action for damages from infiltration of the soil and the pollution of his well and for an abatement of the nuisance, such damages being special to such owner, notwithstanding other property owners in the vicinity also sustained damages.
2. It is not essential to the maintenance of an action for damages sustained from a nuisance and for abatement of the nuisance that plaintiff alone should be affected by the nuisance, it

Anstee v. Monroe Light & Fuel Co. 171 Wis. 291.

being sufficient if he belongs to a class specially affected by it, and whose damages differ, not only in degree but also in kind, from those of the public generally.

3. Where plaintiff's house was located about 1,200 feet from a gas plant and the smoke and the odor affected the comfort, if not the health, of his family, his damage was special and entitled him to maintain an action for damages and for abatement of the nuisance.

4. An award of $1,200 for infiltration of the soil and $100 for the pollution of plaintiff's well by industrial waste from a gas plant is not excessive.

5. Since the court directed the abatement of the nuisance and its recurrence is unlikely, damages may properly be assessed for future as well as present injury to the soil and well.

APPEAL from a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action to abate a nuisance and to recover damages caused by the nuisance. The defendant operates a gas plant in the city of Monroe, and plaintiff, whose premises, consisting of about twenty acres, are situated a short distance therefrom and below the gas plant, alleges that he has sustained damage by reason of the percolation through his soil of large quantities of industrial waste, consisting of a tarry, oily liquid, which defendant has deposited in a section of an abandoned sewer upon its premises and upon the ground, causing plaintiff's well to become unfit for domestic or other use, and polluting the soil to such an extent that disagreeable odors arise therefrom and the fertility thereof is greatly impaired; also that plaintiff has suffered great annoyance and some damage from smoke from defendant's smokestack because not high enough and not equipped with efficient smoke-consuming devices.

The court found for plaintiff as to all these sources of damages and assessed damages for general soil infiltration at $1,200; for pollution of the well at $100, and for excessive smoke at $10, and perpetually enjoined defendant from further deposits of industrial waste upon its premises in such a manner as to cause further pollution of plaintiff's

soil, and a discontinuance of the smoke nuisance after such reasonable time as it might require defendant to make the necessary alterations in its smokestack and for installing modern improved methods for minimizing and abating the smoke nuisance. From a judgment entered accordingly the defendant appealed.

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *O. A. Oestreich.*

*J. L. Sherron* of Monroe, for the respondent.

VINJE, J. As far as the damages resulting from an infiltration of the soil and from a pollution of the well are concerned, they are special to the plaintiff to the extent that he may maintain an action therefor and for an abatement of the nuisance. *Clark v. C. & N. W. R. Co.* 70 Wis. 593, 36 N. W. 326. It is true that the court found that some twenty other wells in the vicinity were more or less affected by the pollution of the soil; but all such wells were on premises adjacent to Thunder river, the small stream that flowed past the gas plant and through a portion of plaintiff's premises. The industrial waste was carried down the stream and affected the soil on both sides thereof for a considerable distance. This fact made the premises of those affected stand in a different relation to the nuisance than those of the rest of the public. It is not essential to a maintenance of the action that plaintiff alone should be affected by the nuisance. It is sufficient that he belongs to a class specially affected by it and whose damages differ not only in degree but also in kind from those of the public generally. *Clark v. C. & N. W. R. Co.* 70 Wis. 593, 36 N. W. 326; *Tilly v. Mitchell & Lewis Co.* 121 Wis. 1, 98 N. W. 968; *Baier v. Schermerhorn,* 96 Wis. 372, 71 N. W. 600; *Mahler v. Brumder,* 92 Wis. 477, 66 N. W. 502; *Stone v. Oconomowoc,* 71 Wis. 155, 36 N. W. 829.

As to the smoke nuisance, the evidence shows that plaint-

iff's house was located about 1,200 feet from the gas plant and that frequently the smoke was so thick and the odor from it so bad that it affected the comfort if not the health of plaintiff and his family. Under the principles above stated, this damage was also special to plaintiff because of his nearness to the plant.

Considerable effort was spent by defendant in contending that the assessments of $1,200 damages to the soil and of $100 to the well are excessive. We have carefully gone over the evidence with the result that we find it sustains the assessments. The injury to the soil affected its productiveness and, while not permanent in its nature, was likely to endure for many years. The testimony of a number of apparently disinterested and competent witnesses was to the effect that the market value of the premises was reduced several thousand dollars from the soil infiltration alone, and the well was shown to be wholly unfit for domestic use by reason of pollution and that it would take a long time before the purity of its water would be restored. We find no basis in the evidence for reducing the amount of damages found by the court.

Since no further recurrence of the nuisance is likely to take place, the court properly assessed damages for future as well as past injury to soil and well occasioned by the acts of the defendant complained of. In this way, and in this way only, could plaintiff be made whole in one action for the loss sustained by him by reason of the acts of nuisance already committed by the defendant.

*By the Court.*—Judgment affirmed.